Daniel A. **DOODY**, Plaintiff, Appellee,

v.

**JOHN SEXTON & COMPANY,**
Defendant, Appellant.

No. 7233.

United States Court of Appeals
First Circuit.
May 27, 1969.

fuse to agree to such jurisdiction. Such refusal would then force a jurisdictional determination by a neutral designated as provided in the bill. The neutral, in turn, would be expected to determine the jurisdiction of the board so as not to invade the established jurisdiction of another union."

Franklin N. Cunningham, Boston, Mass., with whom Samuel Adams, Warner & Stackpole, Boston, Mass., and Sidley & Austin, Chicago, Ill., were on brief, for appellant.

Joseph J. Hurley, Boston, Mass., with whom Thomas E. Cargill, Jr., Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

The defendant, John Sexton & Co., a merchandising company having head offices in Chicago, and doing business in a number of states, employed plaintiff Doody in its Boston office. Taking the evidence as it developed in the district court most favorable to the plaintiff, at a conference in Chicago two of defendant's officers promised plaintiff lifetime employment in defendant's Los Angeles office if he would move to California. Plaintiff did move, but found himself out of phase with the manager there, who placed substantially different conditions upon his employment than, allegedly, he had been promised. When plaintiff complained, one of defendant's officers told him that he would have to like it or quit. Plaintiff reminded the officer of his Chicago promise and asked if he had been "kidding". The officer re-

---

**1121**

plied in the affirmative. Plaintiff quit and returned to Boston. There was evidence that his out-of-pocket loss as a result of this venture was $15,000.

Plaintiff's suit in the district court was in three counts. Count 1 was for breach of contract; Count 2 for the fair value of his services; Count 3 for fraudulent misrepresentation. The court directed a verdict for the defendant on Count 1 on the ground that the officers had no real or apparent authority to promise lifetime employment, a decision which plaintiff accepts for this appeal as correct. It also directed a verdict on Count 2, also without objection by the plaintiff. It refused to direct on Count 3, and the jury found for the plaintiff in the amount of $15,000. Defendant appeals.

The appeal presents only two questions which give us concern. The first is what law governs the question whether the officers' promise with, as could be found, no intent to perform, was actionable. This question arises because, allegedly, what, in Massachusetts is regarded as an actionable misrepresentation of a present intention,[1] is not actionable in Illinois.[2]

We look at the Massachusetts conflict rule, Massachusetts being the present forum. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Sampson v. Channell, 110 F.2d 754, 128 A.L.R. 394 (1st Cir. 1940). Under Massachusetts law the doctrine of *lex loci delicti* ordinarily governs actions of tort. Reed & Barton Corp. v. Maas, 73 F.2d 359 (1st Cir. 1934). In applying the *lex loci* doctrine, Massachusetts follows the rule of the Restatement that "the place of the wrong is the state where the last event necessary to make an actor liable for an alleged tort takes place." Restatement of the Law, Conflict of Laws § 377 (1934). Strogoff v. Motor Sales Co., Inc., 302 Mass. 345, 347, 18 N.E.2d 1016 (1939). Since reliance is necessary to the imposition of liability for misrepresentation, Brockton Olympia Realty Co. v. Lee, 266 Mass. 550, 165 N.E. 873 (1929); Butler v. Martin, 247 Mass. 169, 142 N.E. 42 (1923), it is apparent that the alleged tort was completed in Massachusetts where the plaintiff as contemplated by the statements, gave up his Massachusetts employment and suffered his original loss. We believe, therefore, that a Massachusetts court could apply its own law.[3]

---

1. It is the general rule in Massachusetts that statements promissory in nature are not actionable. See, e. g., Pepsi-Cola Metropolitan Bottling Co. v. Pleasure Island, Inc., 345 F.2d 617, 622 (1st Cir. 1965); Saxon Theatre Corp. of Boston v. Sage, 347 Mass. 662, 200 N.E.2d 241 (1964); Yerid v. Mason, 341 Mass. 527, 170 N.E.2d 718 (1960). There is, however, an exception, applicable to this case, where it appears that the promissor did not intend to carry out the promise. Barrett Associates, Inc. v. Aronson, 346 Mass. 150, 190 N.E.2d 867 (1963); Feldman v. Witmark, 254 Mass. 480, 481–482, 150 N.E. 329 (1926); Dubois v. Atlantic Corp., 322 Mass. 512, 78 N.E.2d 185 (1948).

2. Illinois is one of the minority of jurisdictions which does not permit recovery in tort for promissory statements even if, when made, there was no intention to perform. Repsold v. New York Life Ins. Co., 216 F.2d 479 (7th Cir. 1954); Stahly, Inc. v. M. H. Jacobs Co., 183

F.2d 914 (7th Cir. 1950); Brodsky v. Frank, 342 Ill. 110, 173 N.E. 755 (1930); Keithley v. Mutual Life Ins. Co., 271 Ill. 584, 111 N.E. 503 (1916). This does not mean, however, that the injured recipient of such a promise is without a remedy. He may sue on the promise—either on a contract theory, Gage v. Lewis, 68 Ill. 604 (1873), or on the allied doctrine of promissory estoppel. Bredemann v. Vaughn Mfg. Co., 40 Ill. App.2d 232, 188 N.E.2d 746 (1963).

3. Defendant places great emphasis on Bradbury v. Central Vermont Railway, 299 Mass. 230, 12 N.E.2d 732 (1938). It is true that the language of that opinion provides some support for applying the law of the place where the misrepresentation was made, but we think it significant that in *Bradbury* the misrepresentation and the plaintiff's loss both occurred in Vermont. Moreover, Strogoff v. Motor Sales, Inc., *supra*, was decided after *Bradbury*. In *Strogoff*, the Massachusetts Supreme Judicial Court

■ This frees us of the obligation to pursue a question of Illinois law, namely, whether by its own conflict rules it, too, would look to the place of principal impact and apply the Massachusetts substantive law even though, under the Illinois cases cited by defendant, there would have been no Illinois recovery for misrepresentation had the activity been confined exclusively to that state. We accordingly hold that there was, or could be found to be, an actionable misrepresentation.

The remaining question is whether, assuming that defendant cannot be liable in contract for the unauthorized undertaking of its agents, it can be held liable in tort. Defendant says, with some appearance of plausibility, that tort liability would be illogical, and merely open the back door when the front door was closed.

■ We note first, however, that the liability that plaintiff is attempting to impose upon the defendant is not responsibility for the loss of the contract, but only for the proximate consequences of the officers' wrongful act. The officers were hiring agents, within limits, and it is common experience for a principal to be held accountable in tort for unauthorized acts of an agent not too far removed from the scope of his authority, even though, strictly, they were not authorized. In this case plaintiff does not need to rely simply on the general principle; there is a Massachusetts case closely in point. In Robichaud v. Athol Credit Union, 352 Mass. 351, 225 N.E.2d 347 (1967), a representative of the defendant lender who had authority to deal with such matters, told the borrower that his loan was covered by life insurance under defendant's group policy. In point of fact the loan was for 15 years and a Massachusetts statute did not permit insurance on loans over 10. The court held defendant liable for mis-

representation (in that case the full amount of the insurance) "[e]ven if furnishing insurance would have been beyond the defendant's power." 352 Mass. at 355, 225 N.E.2d at 350. The only question appeared to be the closeness of the agent's relationship to the act in question.

■ The defendant's officers in the case at bar were its president and vice president, who clearly possessed certain hiring powers. We think it could be found that plaintiff had a right to rely on their representations even though their actual authority did not extend to the point they indicated.

We do not consider the remaining points made by defendant concerning the conduct of the trial. They were either not preserved, or without merit, or both.

Affirmed.

---

cited § 377 of the Restatement with approval, and we have no basis for doubting that the Massachusetts courts would follow § 377(4) which provides that:

"When a person sustains loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent representations were made."