**Kenneth CARMICHAEL, and Leah Carmichael, Appellants (Defendants Below),**

**and**

**Indiana Department of Insurance, H. P. Hudson, Commissioner, (Defendant Below),**

**v.**

**Michael SILBERT and Bloomington Hospital, Appellees (Plaintiffs Below).**

No. 1–1280A367.

Court of Appeals of Indiana, First District.

July 14, 1981.

Rehearing Denied August 11, 1981.

Dollie Stafford Manns, Alphonso Manns, Manns & Manns, Bloomington, for appellants.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for the State of Indiana.

James V. Donadio, Margaret C. A. Young, Frederick Wm. LaCava, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

Len E. Bunger, Joseph D. O'Connor, III, Bunger, Harrell & Robertson, Bloomington, for appellee Silbert.

ROBERTSON, Judge.

Kenneth and Leah Carmichael (Carmichaels) appeal the ruling on a Motion for Preliminary Determination of Law filed by Michael Silbert (Dr. Silbert) and the Bloomington Hospital (hospital). The Carmichaels initiated the lawsuit by filing a complaint which alleged Dr. Silbert and the hospital committed medical malpractice in treating Mrs. Carmichael. This appeal concerns the constitutionality of the statute of limitations contained in the Indiana Medical Malpractice Act.

We affirm.

In February of 1977, Mrs. Carmichael was admitted to the Bloomington Hospital for the removal of warts and tumors under her arm. Dr. Silbert performed the operation. Due to some resulting complications, Dr. Silbert performed a second operation on March 25, 1977. The last time Dr. Silbert treated Mrs. Carmichael was on March 27, 1977. Mrs. Carmichael now claims that a nervous disorder she currently suffers is a result of Dr. Silbert's treatment. The Car-

michaels met with an attorney to discuss the possibility of a malpractice action in March of 1977. The Carmichaels filed their complaint with the Department of Insurance on February 5, 1980. Dr. Silbert and the hospital filed a Motion for a Preliminary Determination of Law pursuant to Ind.Code 16–9.5–10–1, claiming that the Carmichaels' complaint was outside the statute of limitations for a malpractice claim, Ind.Code 16–9.5–3–1, and therefore, that the Carmichaels' claim was barred. The trial court agreed and this appeal followed.

The Carmichaels raise five issues on appeal: that the trial court erred by failing to make a preliminary determination of the constitutionality of IC 16–9.5–3–1, that IC 16–9.5–3–1 violates the equal protection clause and the due process clause of the Fourteenth Amendment of the United States Constitution; that IC 16–9.5–3–1 violates the privileges and immunities clause of the Indiana Constitution, and that the trial court erred by determining the Carmichaels' claim was barred.

It must be noted that the Carmichaels' brief does not contain a verbatim statement of the judgment as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(4), but due to the importance of the issues raised, we shall go forward with the appeal.

■ The first issue raised by the Carmichaels is whether the trial court erred by failing to make a preliminary determination of law regarding the constitutionality of IC 16–9.5–3–1. This issue was not included in the Carmichaels' motion to correct errors and therefore, it is waived. *State v. Holder*, (1973) 260 Ind. 336, 295 N.E.2d 799.

The second issue raised on appeal is whether the statute of limitations contained in the Medical Malpractice Act violates the equal protection clause of the Fourteenth Amendment because it treats victims of malpractice differently than the victims of other tortfeasors.

The essence of the Carmichaels' appeal is that IC 16–9.5–3–1 creates two classes of tort victims: those who are subject to medical malpractice and those who are subject to general tortious conduct. IC 16–9.5–3–1 provides:

> No claim, whether in contract or tort may be brought against a health care provider based upon professional services or health care rendered or which should have been rendered unless filed within two [2] years from the date of the alleged act, omission or neglect except that a minor under the full age of six years shall have until his eighth birthday in which to file. This section applies to all persons regardless of minority or other legal disability.

The general statute of limitations, Ind.Code 34–1–2–2, provides that actions for personal injuries are to be brought within two years after the cause of action has accrued whereas the Medical Malpractice Act provides that the action must be brought within two years from the "alleged act, omission, or neglect."

■ In examining an equal protection question, it is necessary to determine the nature of the interest which is allegedly subjected to discriminatory treatment. It is the nature of the interest at stake which determines the applicable equal protection test. Strict judicial scrutiny of legislative classifications is only required when the classifications impinge impermissibly upon the exercise of fundamental rights or operate to the peculiar disadvantage of a suspect class of people. *San Antonio Independent School District v. Rodriguez*, (1973) 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16. Where neither a fundamental right nor a suspect class is involved, the standard of review requires a "fair and substantial" relationship between the classification and the legislative purpose and the classification must not be arbitrary or unreasonable. *Sidle v. Majors*, (1976) 264 Ind. 206, 341 N.E.2d 763. The present case does not involve either a suspect class or a fundamental right.

■ Our supreme court recently found that the Medical Malpractice Act was passed by the General Assembly in an attempt to preserve medical treatment and control malpractice insurance costs, both of which were threatened by the increasing

number of malpractice claims. *Johnson v. St. Vincent Hospital, Inc.*, (1980) Ind., 404 N.E.2d 585. In that case, the supreme court ruled that IC 16–9.5–3–1 does not violate the equal protection clause by requiring that children from ages six to twenty-one be subject to the same two year limitation that adults must satisfy. Certainly, since it has been found that children are subject to the strict two year statute of limitations, because the statute of limitations bears a fair and substantial relationship to the provision of health care services, *Johnson v. St. Vincent Hospital, Inc., supra,* logic dictates that a similar relationship must exist for adults. The statute does not violate the equal protection clause because the legislative classifications are rationally related to maintaining sufficient medical treatment and are not arbitrary or unreasonable.

■ The Carmichaels allege that IC 16–9.5–3–1 violates the due process clause of the Fourteenth Amendment because the statute fails to provide a sufficient time to pursue legal action. It must be noted that the present case does not involve a question where the victim was incapable of discovering the injury within the time period allowed, because Mrs. Carmichael met with an attorney to discuss the possibility of a malpractice claim in March of 1977. The Carmichaels argue that the two year time period is insufficient because the victim could be incapable of ascertaining the extent of his injury, the possibility of recurrence, or the permanency of the injury, until after the strict two year period has tolled.

"Statutes of limitation are statutes of repose founded upon a rule of necessity and convenience and the well being of society.... Acts of limitation are not unconstitutional per se as denying a person of property without due process of law." *Short v. Texaco, Inc.,* (1980) Ind., 406 N.E.2d 625, 629. We remain unpersuaded that the time period contained in IC 16–9.5–3–1 is insufficient because Mrs. Carmichael was aware of her injury and did not take proper steps to bring her claim.

The supreme court in *Johnson* was forced to examine various questions regarding alleged violations of due process concerning the Medical Malpractice Act. The court in *Johnson* stated:

In dealing with the constitutionality of a statute of our State, we do not sit to judge the wisdom or rightness of its underlying policies. When a state legislature enacts a statute such as this which is related to the public health and welfare, such statute in order to be consistent with due process "need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it." *Williamson v. Lee Optical of Oklahoma,* (1955) 348 U.S. 483, 487–88, 75 S.Ct. 461, 464, 99 L.Ed. 563.

404 N.E.2d at 594.

To find IC 16–9.5–3–1, violative of the due process clause would necessitate a finding that the legislature could not have concluded that limiting patients to bring malpractice claims to within two years from the "act, omission or neglect" was a rational method to control the rising cost of malpractice insurance and the threatened loss of services. The limitation of malpractice claims to two years from the "act, omission, or neglect" is a reasonable method to satisfy the legislative purpose underlying this act.

■ The third argument presented by the Carmichaels is whether IC 16–9.5–3–1 violates the privileges and immunities clause contained in Art. 1, § 23 of the Indiana Constitution. The Carmichaels argue that the provisions of the Medical Malpractice Act subjects malpractice tort claimants to additional burdens not imposed upon general tort claimants and that health care providers are given more benefits and greater protection than other tortfeasors. In *Johnson,* the supreme court elaborated on this standard of review and stated:

The standard to be applied in protecting rights secured by Art. 1, § 23, of the

Indiana Constitution, is whether the legislative classification is based upon substantial distinctions with reference to the subject matter or is manifestly unjust or unreasonable. The same standard is applicable in testing a statute under Art. IV, §§ 22 and 23. The statute is therefore presumed constitutional, and the burden was on appellants below to negative every conceivable basis which may have supported the classification. (Citations omitted).

404 N.E.2d at 597.

The legislative classifications were established to counteract threatened loss of medical services in this state. The health care provider is subjected to substantial economic dangers because of the number and size of malpractice claims. *Johnson v. St. Vincent Hospital, Inc., supra.* The burdens on malpractice claimants and benefits granted to health care providers are consistent with the goal of maintaining health care services and are not unjust or unreasonable.

The final argument submitted by the Carmichaels is whether the trial court erred by holding that the Carmichaels' claim was barred. The essence of this argument requires a finding that IC 16–9.5–3–1 is invalid and that the Carmichaels could then rely on the general statute of limitations, IC 34–1–2–2, to bring suit. Our holding is that IC 16–9.5–3–1 is constitutional and the trial court's ruling was proper. We recognize that the provisions of IC 16–9.5–3–1, can result in harsh consequences in individual cases, but the Medical Malpractice Act was enacted by the legislature to prevent the loss of health care services. The statute of limitation contained in the Act is rationally related to the purpose of the Act, and those who cannot comply with its provisions must suffer the consequences.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.