**Laverne JOHNSON, Individually and as mother of Terrance McGee, Plaintiff,**

v.

**The METHODIST HOSPITAL OF GARY, IND., et al., Defendants.**

**Civ. No. H81–593.**

United States District Court, N. D. Indiana, Hammond Division.

Sept. 23, 1982.

John W. Price, of Ingram, Price, Hudson & Agee, Dyersburg, Tenn., Gus John Galanos, Merrillville, Ind., for plaintiff.

Peter C. Bomberger, Highland, Ind., for defendant Methodist Hosp. of Gary, Indiana.

Jon F. Schmoll, of Spangler, Jennings, Spangler & Dougherty, Merrillville, Ind., for defendant Dr. David Ross.

Lloyd M. Allen, South Bend, Ind., for defendants Drs. Acosta and Falcon, and Anesthesia Ass'n of Gary, Ind.

Clarence Borns, Merrillville, Ind., for defendant Ms. Edwinna Shoemaker.

## MEMORANDUM OF DECISION and ORDER

MOODY, District Judge.

Plaintiff, a Tennessee resident, commenced this diversity action on November 6, 1981, by filing a complaint with this Court. The complaint alleges that each defendant, all Indiana residents, on or about November 15, 1979, failed to exercise reasonable care when treating Terrance McGee, plaintiff's now deceased three-year-old son, for tonsillitis and other upper respiratory infections. Since defendants are all "health care providers" within the meaning of Indiana's Medical Malpractice Act, Ind. Code § 16–9.5–1–1, *et seq.*, the Act governs this case. Defendants have moved in this Court to dismiss plaintiff's complaint on the basis of plaintiff's failure to comply with Section 16–9.5–9–2 of the Act, which states:

§ 16–9.5–9–2 Prerequisite to Suit.—No action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel.

Plaintiff, in response to defendants' motion to dismiss, points out that she has satisfied the statute by filing the complaint with the Commissioner of Insurance, albeit subsequent to her filing of the complaint in this Court. Plaintiff in turn argues that the appropriate action by this Court is a stay of proceedings rather than a dismissal.

[1, 2] The Court cannot agree. Since the plaintiff's complaint in this Court was filed prior to filing a proposed complaint with the Commissioner of Insurance, the proper disposition of this matter is to dismiss the complaint without prejudice. *Johnson v. St. Vincent Hospital, Inc.,* Ind., 404 N.E.2d 585 (1980); *Hines v. Elkhart General Hospital,* 465 F.Supp. 421 (N.D.Ind. 1979), *aff'd,* 603 F.2d 646 (7th Cir. 1979). Though, as plaintiffs' cited cases illustrate, it is well settled that a federal court may stay proceedings when a state action—whether judicial, administrative, or arbitral, *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857 (9th Cir. 1979), *cert. denied,* 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979)—pends between the same parties, involving the same subject matter, and seeking the same relief, *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); this case does not evidence the same concerns. Instead, this case presents a circumstance where the state proceedings are not parallel but rather are prerequisites to this Court's subject matter jurisdiction. *Hines v. Elkhart General Hospital,* 465 F.Supp. 421, 425 (N.D. Ind.1979), *aff'd,* 603 F.2d 646 (7th Cir. 1979).

Since the District Court's decision in *Hines,* the Indiana Supreme Court has addressed the review panel provision, Ind.

Code § 16–9.5–9–2, and has done so on facts almost identical to those presented here. In *Johnson v. St. Vincent Hospital, Inc.,* Ind., 404 N.E.2d 585 (1980), four cases were consolidated for review. The common characteristic in all of these cases was that the plaintiff had filed a complaint with the state court prior to fulfilling the statutory requirement of filing a proposed complaint with the Commissioner of Insurance. The Court affirmed all four trial courts which had dismissed the complaints upon defendants' motion. The Court stated that § 16–9.5–9–2 was to be construed such that "no personal jurisdiction over the health care provider may be acquired in a tribunal having authority to adjudicate the merits of their [medical malpractice plaintiff's] claims before the panel produces its opinion." *Id.* 404 N.E.2d at 595. Since the Indiana Courts have no jurisdiction until the review panel issues its opinion, and the federal district court is bound by this decision in a diversity suit, *Hines v. Elkhart General Hospital,* 603 F.2d 646 (7th Cir. 1979), this Court's only alternative is to grant defendants' motion to dismiss the complaint.

While this result may occasion hardship, if the plaintiff has filed a timely complaint with the Indiana Commissioner of Insurance, a fresh complaint may be filed once the review panel issues its opinion. Ind. Code § 16–9.5–9–1 provides for tolling of the applicable two year statute of limitation:

> The filing of a proposed complaint tolls the applicable statute of limitations to and including a period of ninety (90) days following the receipt of the opinion of the medical review panel by the claimant.

In the present case the date on which plaintiff filed with the Commissioner of Insurance is unknown. However, even were it known to be outside the two year statutory period, the Court's dismissal without prejudice would still be mandated by Indiana law regardless of the harshness occasioned upon plaintiff. *Johnson v. St. Vincent Hospital, Inc.,* Ind., 404 N.E.2d 585 (1980); *Carmichael v. Silbert,* Ind.App., 422 N.E.2d 1330 (1981); *Whitaker v. St. Joseph's Hospital,* Ind.App., 415 N.E.2d 737 (1981); *Hines v. Elkhart General Hospital,* 603 F.2d 646 (7th Cir. 1979).

■ Plaintiff makes one final argument to support a stay of proceedings which must also be addressed. Plaintiff argues that this Court may take jurisdiction pursuant to Ind.Code § 16–9.5–10–1 which permits a court, having jurisdiction over the subject matter and the parties to a proposed complaint filed with the Commissioner, to (1) determine any affirmative defense or issue of law or fact that may be preliminarily determined under the Indiana rules of procedure; or (2) compel discovery; or (3) both. As defendants point out, this section was added to the Act in 1979 to allow courts of general jurisdiction to adjudicate discovery problems and rule preliminarily upon issues that did not require fact-finding because the Commissioner of Insurance had only been granted administrative power. The defendant's argument is substantiated by *Johnson v. Padilla,* Ind.App., 433 N.E.2d 393 (1982) in which the Court held that the trial court could properly assume jurisdiction for the limited purpose of ruling on a physician's motion for summary judgment where the physician had not had any connection with the complaining patient. *Johnson* suggests and this Court concludes that the limited purpose provided for under Ind.Code § 16–9.5–10–1, once served, terminates the Court's jurisdiction until properly invoked by a complaint filed subsequent to the review panel's issuance of its opinion.

For the reasons discussed above, this Court concludes that issuance of a stay in this case would be an abuse of judicial discretion inconsistent with Indiana law. Therefore, it is ORDERED that the cause be dismissed as against all defendants without prejudice.