**Douglas KNOBLETT, Plaintiff,**

v.

**Phillip KINMAN, Vincennes Orthopaedic Surgery Clinic, Inc. and Good Samaritan Hospital, Defendants.**

**Cause No. TH 85–141–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Nov. 8, 1985.

William Fitzpatrick, Callahan & Fitzpatrick, Oak Lawn, Ill., and Roger B. Gamien, Gamien & Root, Morris, Ill., for plaintiff.

Charles W. Brooke, Lane & Waterman, Davenport, Iowa, and Robert Latham, III, Bozeman, Neighbour, Patton & Noe, Moline, Ill., for defendants.

## ORDER

BROOKS, District Judge.

This matter is before the Court upon two motions to dismiss. One motion to dismiss is filed by defendant Good Samaritan Hospital (hereinafter Good Samaritan) pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that plaintiff's complaint fails to state a cause of action for which relief may be granted. The other motion to dismiss is filed by defendants Phillip Kinman M.D. (hereinafter Kinman), and Vincennes Orthopaedic Surgery Clinic, Inc. (hereinafter Vincennes Orthopaedic),

pursuant to Federal Rules of Civil Procedure 12(b)(1) for the reason that this Court lacks subject matter jurisdiction as a result of plaintiff's failure to have acquired a ruling from a medical review panel prior to filing this action. The plaintiff, Douglas Knoblett, contends however, that the motions mentioned herein are premature, for plaintiff argues that prior to ruling on the motions to dismiss the Court must address the question of which law to apply Indiana or Illinois. This Court agrees, for the conflict of law question must be addressed prior to reaching the merits of each motion to dismiss.

## FACTS

The present action was originally filed in the United States District Court for the Central District of Illinois, and then transferred pursuant to 28 U.S.C. § 1404(a) and § 1631 to the United States District Court for the Southern District of Indiana, Terre Haute Division.

Plaintiff is a resident of Illinois; each defendant is a resident of the State of Indiana, and the amount in controversy exceeds Ten Thousand Dollars ($10,000.00). Hence, jurisdiction is properly asserted under 28 U.S.C. § 1332.

Plaintiff avers that he sustained a fracture to his left humerus while participating in a football game in Crawford County, Illinois. Thereafter, plaintiff was taken for medical care to Good Samaritan Hospital in Vincennes, Indiana, which is located just across the border from Crawford County, Illinois. Once at the hospital, the plaintiff was treated by defendant Kinman who not only is on the staff at Good Samaritan, but also practices as a member of the Vincennes Orthopaedic Clinic which is an Indiana corporation. Plaintiff was released the following day and was instructed to return in one week. A few days after his release from Good Samaritan, and while at his home, plaintiff learned that his radial nerve was trapped between bone fragments at the site of the fracture. Plaintiff avers that as a result of alleged negligent treatment by the defendants he has lost the use

of his arm. Thus, prompting him to bring this present action. .

### ISSUE

Whether Indiana or Illinois law is to apply in the instant case.

If Indiana law applies, pursuant to Indiana Code Section 16–9.5–9–1 *et seq.*, the plaintiff must submit his potential medical malpractice claims to a medical review panel as a condition precedent to filing his claims in any court of this state. Hence, if the plaintiff has not yet submitted his claims to said panel, then plaintiff's action must be dismissed without prejudice for failure to comply with the Indiana Medical Malpractice Act. Alternatively, if the Court finds that Illinois law governs then defendant's motions to dismiss must be denied, for Illinois has no comparable medical malpractice act.

Since Indiana is the present forum, this Court must look at the Indiana conflict rule. The present action is for alleged medical malpractice which is a tort action. Courts of this state follow the doctrine of *lex loci delicti* when determining conflict of law questions in tort actions *Lee v. Lincoln National Bank & Trust Co.*, Ind. App., 442 N.E.2d 1147 (1982). That is, the law of the place where the tort was committed governs. *Maroon v. State Dept. of Mental Health,* Ind.App. 411 N.E.2d 404 (1980). In the case at bar, the Court is asked to determine whether the injury occurred in Indiana or Illinois.

The plaintiff, of course, is arguing strongly that the injury occurred in Illinois, hence Illinois law should apply. Plaintiff relies heavily on *Eby v. Borg-Warner,* (Ind. App.), 455 N.E.2d 623 (1983) which in pertinent part held that for claims of fraud and misrepresentation, the tort is considered to have been committed in the state where the loss occurred, typically because that is where the last event necessary to create liability has taken place. *Eby* at 626, citing *Doody v. John Sexton & Co.*, 411 F.2d 1119 (1st Cir.1969); *Rekeweg v. Federal Mutual Insurance Co.*, 324 F.2d 150 (7th Cir.), *cert. denied* (1964) 376 U.S. 943, 84 S.Ct. 798, 11 L.Ed.2d 767. Plaintiff is focusing on the latter part, to-wit: "the tort is considered to have been committed in the state where the last event necessary to create liability has taken place." Plaintiff contends that while he did receive alleged negligent treatment from the defendants while in Indiana, that negligent treatment alone would not be sufficient to create a cause of action for medical malpractice in Illinois. Plaintiff argues that before one can have a cause of action there must be a negligent act and a corresponding injury. Therefore, plaintiff argues that while the treatment occurred in Indiana, the resulting injury occurred in Illinois. Hence, since the injury did not manifest itself until plaintiff reached Illinois then accordingly Illinois law should apply. This reasoning, albeit inventive, must fail.

The *Eby* decision, which plaintiff relies so heavily, is not applicable to the instant case. For the decisions cited in *Eby*, referring specifically to *Doody* and *Rekeweg, supra,* pertained to misrepresentation and fraud respectively. The instant action is not for misrepresentation or fraud but rather is for medical malpractice.

The record reflects that Kinman treated the plaintiff at Good Samaritan Hospital, and a few days later plaintiff learned his radial nerve was damaged. The Court applying *lex loci delicti* doctrine finds that the alleged tort occurred while plaintiff was being treated in Indiana, and that the injury resulted therefrom.

Accordingly, having determined that Indiana law applies, the Court must DISMISS without prejudice plaintiff's action for failure to submit his potential medical malpractice claims to a medical review panel.

IT IS ORDERED that defendants' motions to dismiss be GRANTED.