**INDIANAPOLIS POWER & LIGHT COMPANY, Appellant,**

v.

**Lynn TODD, Eva Lou Thomason Sandlin, and Eva Lou Thomason Sandlin, Natural Tutrix of Brian Keith Sandlin (Plaintiffs Below). the Yocom Corporation and R.M. Industrial Products Company, Inc. (Defendants Below), Appellees.**

**No. 1–185A14.**

Court of Appeals of Indiana, First District.

Nov. 25, 1985.

Robert C. Crews, II, Indianapolis Power & Light Co., Indianapolis, Carl M. Gray, Steven L. Kennedy, Gray, Chappell & Beckman, Petersburg, for appellant.

Russell E. Mahoney, Petersburg, for appellees.

NEAL, Judge.

### STATEMENT OF THE CASE

This appeal arises from the denial of partial summary judgment by the Pike Circuit Court against the appellant, Indianapolis Power and Light Company, and in favor of appellees, Lynn Todd and Eva Lou Thomason Sandlin.

We affirm.

### STATEMENT OF THE FACTS

On March 22, 1983, appellant, Indianapolis Power and Light Company (IPALCO), contracted with R.M. Industrial Products Company, Inc., (R.M.), to do certain work on one of IPALCO's electric generating stations. As part of that contract IPALCO authorized R.M. to furnish all the labor necessary to complete the job. R.M. in turn subcontracted with the Yocum Corporation (Yocum) to supply all the labor necessary to complete a certain amount of the work. Appellees, Todd and Sandlin (T & S), worked as laborers for Yocum during its execution of the subcontract.

On April 27, 1983, Yocum invoiced R.M. for payment under the subcontract in the amount of $73,400.00. R.M. in turn invoiced IPALCO for the balance of the full general contract. On June 6, 1983, R.M. paid Yocum's invoice in full.

Yocum failed to pay T & S for their labor. On June 6, 1983, under IND.CODE 32-8-3-1, T & S filed a joint Notice of Intention to Hold Mechanic's Lien against IPALCO's generating station.

On July 18, 1983, IPALCO approved R.M.'s invoice, less a 15% retainage of $19,951.51. In addition, IPALCO issued a Debit Memorandum against R.M. for $23,204.58. The latter amount represented the combined totals of T & S's asserted mechanic's liens. Thus, as of July 8, 1983, IPALCO still controlled over $43,000.00 owed under the contract to R.M.

On August 23, 1983, T & S notified IPALCO under IND.CODE 32-8-3-9, of their intention to hold IPALCO personally liable for the amount of labor they had per-

formed. On that same day T & S filed their complaint against IPALCO, R.M. and Yocum to recover that amount. Both T & S and IPALCO moved for summary judgment. The trial court granted partial summary judgment for IPALCO on the mechanic's liens issue, and for T & S on the personal liability issue. From that decision IPALCO now appeals.

## ISSUES

We have rephrased and rewritten IPALCO's issues on appeal as follows:

I. Whether IND.CODE 32–8–3–9 protects employees of subcontractors.

II. Whether there was any sum due or to become due from IPALCO from which T & S could have satisfied their claim as of the date they gave IPALCO notice of their intention to hold IPALCO personally liable under IND.CODE 32–8–3–9.

III. If IPALCO is personally liable under IND.CODE 32–8–3–9, whether that liability would be extinguished due to setoff.

## DISCUSSION AND DECISION

The standards of review for an appeal of a summary judgment are as follows:

"[M]otions for summary judgment are properly granted only when the pleadings and other matters of record reveal that there is no genuine issue or dispute as to a material fact and that the moving party is entitled to judgment as a matter of law. To determine whether such issues exist, the court must accept as true those facts alleged by the nonmoving party and resolve all doubts against the moving party. The granting of a motion for summary judgment is not appropriate if the trial court must weigh conflicting evidence to reach a decision, or even if there are conflicting inferences which may be drawn from undisputed facts. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation.

Moreover, on appeal, all reasonable presumptions will be indulged in favor of the rulings and judgments of a trial court, and no presumptions will be indulged in favor of an appellant to sustain his alleged error. The burden of proving reversible error is on the appellant."

*Barnd v. Borst* (1982), Ind.App., 431 N.E.2d 161 (citations omitted). Given these standards of review we now turn to the substantive issues.

*Issues I and II.*

Abbreviated, IND.CODE 32–8–3–9 provides as follows:

"Any subcontractor, . . . journeyman or laborer employed . . . in erecting . . . any structure . . . or furnishing any material . . . therefor, may give to the owner thereof . . . notice in writing particularly setting forth the amount of his claim and services rendered, for which his employer . . . is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due from him to the employer . . . which may be recovered in an action whenever an amount equal to such claim, over other claims having priority, shall be due from such owner to the employer. . . .

And any such subcontractor, . . . journeyman or laborer, by giving notice as above provided . . . shall have the same rights and remedies against the owner for the amount of such labor performed . . . after said notice is given as are above secured and provided for those who serve notice after the labor is performed. . . .

And whenever an action is brought against an owner in pursuance of the provisions of this section, all subcontractors . . . journeyman and laborers who have performed labor or furnished material and given notice as herein required, may become parties to the action; and if, upon final judgment against such owner, the amount recovered and collected shall

not be sufficient to pay said claimants in full, the same shall be divided among them pro rata."

The statute is ambiguous. IPALCO argues that the words "but not to exceed the amount which may be due, or may thereafter become due from him [owner] to the employer ..." have the effect of delegating employees of a paid subcontractor to a class not protected by the statute. It is essentially a privity argument, since no contractual relationship existed between IPALCO as "owner" and Yocum as "subcontractor," R.M. as "contractor" alone is bound to pay Yocum. Under that rationale IPALCO, not having a contractual relationship with Yocum, owed the claimants, Yocum's employees, nothing on the date they filed their personal liability notices. IPALCO argues further that even if a contractual relationship did exist, Yocum, as "employer" under the statute, was not due anything under the contract having already been paid in full by R.M. IPALCO therefore concludes that in either case, T & S, as claimants were not members of the statute's protected class.

Accepting such an argument is tantamount to holding that the class of claimants in any situation arising under IND. CODE 32-8-3-9 is limited to subcontractors and the employees and materialmen of general contractors. The relationship in these matters is that the owner hires a general contractor, who in turn hires subcontractors, who in turn hire employees and purchase material. The owner pays the general, the general pays the subcontractor, and the subcontractor pays his employees and materialmen. Thus the owner never "owes" the subcontractor or his employees anything.

The statute does not lend itself to such a result. At the outset the statute defines the class of claimants as *any* subcontractor, journeyman, laborer or materialmen employed in erecting a structure. There is no language excluding journeymen or laborers of a subcontractor nor a suggestion that only the subcontractor of the general contractor and the general contractor's employees and suppliers are the only members

of the protected class. The qualification for inclusion in the class is that one be *employed* in *erecting* a structure or in furnishing *material* therefor.

■ The limitation argued by IPALCO is contained within the statutory section concerning the amount the claimant can recover, not whether the claimant is a member of the protected class. We view that limiting language to mean that recovery can be had only from funds owed by the owner to the contractor for work done on his property and if he has already paid all of the money due to the general contractor, he cannot be forced to pay a second time.

Two cases support the judgment in the trial court: *Nash Engineering Company v. Marcy Realty Corporation, Inc.* (1944), 222 Ind. 396. 54 N.E.2d 263 and *Indianapolis Power and Light Company v. Southeastern Supply Company, Inc.* (1970), 146 Ind.App. 554, 257 N.E.2d 722. Both cases involved facts very similar to those presented here. The owners employed contractors to construct or remodel their respective facilities. The contractors employed subcontractors. The subcontractors failed to pay their materialmen. As a result, the materialmen, prior to the owner making full payment to the contractor, filed notices with the owner under IND. CODE 32-8-3-9. Although the contractors had already paid the subcontractors in full, recovery was allowed to the claimant-suppliers.

*Southeastern* held that it was immaterial whether or not the contractor was indebted to the subcontractor so long as the owner still owed money on the project. Payment by the owner to the contractor after notice constituted no defense. The dissent in *Southeastern* distinguishes mechanic's liens under IND.CODE 32-8-3-1 from personal claims under IND.CODE 32-8-3-9. It argued that the term "employer" as used in the statute means the employer of the supplier of material, that is, the subcontractor who had been paid. Since the owner owed nothing to the subcontractor he could not be liable to the claimant-suppliers. This dissent is essentially IPALCO's argument here.

*Nash,* a supreme court case, allowed recovery to a claimant under facts very similar to those found in both *Southeastern* and the case at bar. While noting that one who contracts with a subcontractor is also a subcontractor, the court went on to state that courts will, so far as is consistent with the language of the act, avoid any construction that results in an arbitrary or capricious classification denying to one group of citizens and granting to another the benefits of a remedial act. Addressing the forerunner of IND.CODE 32–8–3–9, the *Nash* court, quoting from *Colter v. Frese* (1873), 45 Ind. 96, stated:

> "The contractor has the right to a lien and also his personal action against the owner. The object of the law was to place the subcontractor, journeyman, laborer and materialman upon the same footing with the contractor, except that the personal action against the owner in favor of the sub-contractor, etc., is limited by the amount that may be due or may become due from the owner to the employer. The lien might be an inadequate remedy, as the property might be previously encumbered to the extent that would render the lien unavailable; hence the right of a personal action against the owner is conferred to the extent indicated."

*Nash, supra,* 54 N.E.2d at 267.

In addition, this time quoting from *Moore-Mansfield Construct. Co. v. Indianapolis, N.C. & T. Ry. Co.* (1913), 179 Ind. 356, 101 N.E. 296, the *Nash* court said:

> "The mechanic's lien laws of America in general, reveal the underlying nature of justice and equity in dedicating primarily, buildings and the land on which they are erected, and which have given to them an increased value. The purpose is to promote justice and honesty, and to prevent the inequity of an owner enjoying the fruits of the labor and material furnished by others, without recompense."

*Nash, supra,* 54 N.E.2d at 269.

The same underlying purposes should be given effect in construing the personal liability section.

Noting the *Nash* court's observation that whenever there had been a question raised as to whether a particular class of persons contributing to the construction of a building may take advantage of IND. CODE 32–8–3–9's predecessors, the courts have resolved the doubts in favor of the class and the legislature has frequently put the matter beyond dispute by re-enacting the statute expressly including the class, we have difficulty believing that the legislature deliberately created a class of artisans and suppliers not dissimilar to the class benefited by the mechanic's lien section, IND.CODE 32–8–3–1, and then chose to arbitrarily limit or exclude a portion thereof from membership to the class by Delphic and obscure language. Being clearly ambiguous, the construction must favor the claimants. *Nash, supra.* All such persons must be treated on an equal footing. *Nash, supra.* The purposes of the personal liability section are the same as the mechanic's lien section. *Nash, supra.* No one would argue that claimants here would not have qualified as mechanic's lien holders. Construction of the statute as urged by IPALCO would arbitrarily differentiate between levels of claimants which *Nash* proscribed. Therefore, applying *Nash* and *Southeastern,* the result must follow that IND.CODE 32–8–3–9 must be construed to permit claimant laborers employed by the subcontractor to participate on an equal basis with laborers employed by the contractor.

Here, IPALCO, so far as the record shows, has not been harmed, it has withheld payments which will cover the claims, and we assume that it will deduct the amount from the payments due the general contractor. The general contractor could have likewise provided retainage of payments from the subcontractor to cover such contingencies, and if he imprudently did not, he must bear the loss. We are not unaware that in the construction industry the owner typically provides for a 10 or 15% retainage of payments, and frequently (always in a public contract) requires a

performance and payment bond to cover such matters as here. Contractors then withhold retainage and may require bonds from its subcontractors. The fact that proper and customary business practices available for their own protection were not followed by either the owner and/or the contractor, is no reason to deprive laborers their rights provided by remedial statutes.

*Issue III.*

IPALCO next contends that any claim by T & S is extinguished due to setoff. Having failed to raise this issue in either its Motion to Correct Errors or in its Amended Motion to Correct Errors, IPALCO has waived it. *Carmichael v. Silbert* (1981), Ind.App., 422 N.E.2d 1330.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, P.J., and YOUNG, P.J. (Sitting by designation), concur.