**1346**

N. Kent Smith, Robert J. Shula, Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., for defendant.

Richard M. Trautwein, C. David Johnstone, Barnett & Alagia, Louisville, Ky., for the Paytons.

Ilene Combest **PAYTON**, Leland Payton, Plaintiffs,

v.

Jesse Thomas **BENSON**, M.D., Defendant.

No. IP 88–161–C.

United States District Court, S.D. Indiana, Indianapolis Division.

May 25, 1989.

### ENTRY

TINDER, District Judge.

This cause comes before the Court on the defendant's motion for summary judgment. The Court having considered the pleadings filed herein, including motions, briefs and exhibits submitted by the parties, and being duly advised now finds that there is no genuine issue of material fact, and that the defendant is entitled to judgment as a matter of law.

The Court makes the following findings of fact and conclusions of law in support thereof:

### Findings of Fact

1. Dr. Jesse Thomas Benson, M.D., is a health care provider as defined by Ind.Code § 16–9.5–1–1 et seq., the Indiana Medical Malpractice Act.

2. Plaintiff is a patient as defined therein.

3. On September 6, 1983, Dr. Benson performed laser surgery on Mrs. Payton at Methodist Hospital. Mrs. Payton was discharged from the hospital on September 9, 1983.

4. Defendant last treated plaintiff on or about said date.

5. Any medical malpractice committed by Dr. Benson with respect to Mrs. Payton occurred on or before September 9, 1983 when Mrs. Payton was discharged from the hospital.

6. On June 29, 1987, a medical review panel rendered its opinion on the plaintiffs' claims of medical malpractice.

7. The opinion of the medical review panel was received by counsel for the plaintiffs "several days" after it was issued on June 29, 1987.

8. The plaintiffs filed the pending complaint against Dr. Benson in this Court on February 9, 1988, approximately seven (7) months after the receipt of the opinion of the medical review panel.

### Conclusions of Law

1. The Court has jurisdiction over the subject matter of this litigation, 28 U.S.C. § 1332, and over the parties.

2. The Indiana Medical Malpractice Act, Ind.Code §§ 16–9.5–1.1 to 16–9.5–10–5, is applicable to diversity cases brought in the federal courts of Indiana. *See, e.g., Knoblett v. Kinman,* 623 F.Supp. 805 (S.D.Ind. 1985). The Malpractice Act governs the plaintiffs' claims in this Court.

3. The general statute of limitations contained in the Malpractice Act provides that a claim of malpractice must be brought against the health care provider within two (2) years of the alleged act of malpractice. Ind.Code § 16–9.5–3–1.

4. The filing of the proposed complaint with the Indiana Department of Insurance in accordance with the Malpractice Act tolls the two-year statute of limitations to and including a period of ninety (90) days following the claimant's receipt of the opinion of the medical review panel. Ind.Code § 16–9.5–9–1(b).

5. The tolling provision of Ind.Code § 16–9.5–9–1(b) prevents the two-year statute of limitations from being asserted in defense of a claim of medical malpractice following the filing of a proposed complaint to and including ninety (90) days following the claimant's receipt of the opinion of the medical review panel.

6. The statute of limitations began running in the present case, at the latest, on September 9, 1983, the date Mrs. Payton was discharged from Methodist Hospital. The statute would, therefore, have expired under the terms of Ind.Code § 16–9.5–3–1 on or about September 9, 1985 but for the tolling provision of Ind.Code § 16–9.5–9–1(b) which became operational when the plaintiffs filed their proposed complaint with the Department of Insurance on August 22, 1984.

7. Under the provisions of Ind.Code § 16–9.5–9–1(b), the plaintiffs were required to file their legal complaint within ninety (90) days of the receipt of the panel opinion. The Court will presume receipt of the panel opinion occurred on July 2, 1987. The plaintiffs were, therefore, required to file their legal complaint on or before September 30, 1987.

8. The plaintiffs filed their complaint in this Court on February 9, 1988. The plaintiffs' claims in this Court are subject to the defense of the two-year statute of limitations of Ind.Code § 16–9.5–3–1.

9. There is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED that final judgment is hereby granted for the defendant, Jesse Thomas Benson, M.D., and against the plaintiffs on their complaint.

### MEMORANDUM

Both parties agree that this claim is subject to the two-year statute of limitations for the filing of medical malpractice actions. Ind.Code § 16–9.5–3–1, which provides, in part:

(a) No claim, whether in contract or tort, may be brought against a health care provider based upon professional services or health care rendered or that should have been rendered unless filed within two (2) years from the date of the alleged act, omission, or neglect, ...

The parties also agree that an injured party may not file suit against a physician until a proposed complaint has been filed with the

Indiana Department of Insurance and considered by a medical review panel. Ind. Code § 16–9.5–9–2, which provides, in part:

Prerequisite to suit.—(a) Except as provided in subsection (b) and in section 3.5 [16–9.5–9–3.5] of this chapter, no action against a health care provider may be commenced in any court of this state before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel.

Because of this administrative prerequisite, the malpractice act tolls the statute of limitations to and including a period of ninety (90) days following the claimant's receipt of the opinion of the medical review panel. Ind.Code § 16–9.5–9–1(b) provides, in part:

Filing of proposed complaint—Tolling statute of limitations ...—(a) Provision is made for the establishment of medical review panels to review all proposed malpractice complaints against health care providers covered by this article. (b) The filing of a proposed complaint tolls the applicable statute of limitations to and including a period of ninety (90) days following the receipt of the opinion of the medical panel by the claimant.

Because the statute of limitations for malpractice is an occurrence rule, actions must be brought within two (2) years of the date of the alleged medical malpractice act. *Colbert v. Waitt,* 445 N.E.2d 1000, 1002 (Ind.Ct.App.1982).

Under the facts of this case, the statute of limitations began running on September 9, 1983 when plaintiff was discharged from Methodist Hospital. The statute of limitations would have expired on September 9, 1985 except that the tolling provision of Ind.Code § 16–9.5–9–1(b) became effective on August 22, 1984 when plaintiff filed her proposed complaint with the Department of Insurance. The Medical Review Panel released its opinion on June 29, 1987, almost two (2) years after the original statute of limitations had passed. Plaintiff claims that on June 29, 1987 the statute of limitations was tolled for ninety (90) days until

September 30, 1987, at which time, plaintiff claims the tolling provision of Ind.Code § 16–9.5–9–1(b) was no longer in effect and "the statute of limitations began to run anew." (Plaintiff's response to motion for summary judgment at p. 3) Plaintiff then asserts that her two (2) years had not yet elapsed and that she had at least until September 8, 1988 in which to commence her action. Therefore, plaintiff contends that her claim filed on February 9, 1988 was timely. Defendant asserts that the time expired on September 30, 1987, ninety (90) days after the panel's decision.

No Indiana state court has addressed this issue in a published opinion, therefore, this federal court must determine as a matter of first impression how the highest court in Indiana would decide this issue if it were presented with the question. *Gray v. Chacon,* 684 F.Supp. 1481 (S.D.Ind.1988) (Barker, J.).

Given that Indiana state law applies to this case, the first problem the court must address is the question of how this federal court should make the determination of what the applicable state law *is.* The deceptively simple formulation enunciated in *Erie v. Tompkins,* 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188] (1938), mandates that the federal court merely apply that state law "declared by [the state's] legislature in a statute or by its highest court." *Id.* at 78 [58 S.Ct. at 822]. A difficulty arises, of course, when a change in state law is not patent in the language of legislation and has not yet been authoritatively announced by the state court. Such a situation raises the question of whether a federal court can properly *anticipate* such a change in state law. The answer to this question is clearly yes. *See, e.g., Commissioner v. Estate of Bosch,* 387 U.S. 456, 465 [87 S.Ct. 1776, 1783, 18 L.Ed.2d 886] (1967) (declaring that "the State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State. In this respect, it

may be said to be, in effect, sitting as a state court.")

Even in those cases—such as the one at bar—wherein the matter to be addressed by the federal court has not been ruled on by *any* state court, the federal court must still endeavor to ascertain what the state law would be. "In the absence of a state court ruling, our duty is tolerably clear. It is to decide, not avoid the question." *Daily v. Parker,* 152 F.2d 174, 177 (7th Cir.1945) quoted in C. Wright, Law of Federal Courts § 58 at 375 (1983). Even then, however, the role of the federal court is carefully circumscribed:

> The federal court must keep in mind ... that its function is not to choose the rule that it would adopt for itself, if free to do so, but to choose the rule that it believes the state court, from all that is known about its methods of reaching decisions, is likely in the future to adopt.

C. Wright, *Law of Federal Courts* § 58 at 375 (1983). With these guidelines in mind, the court now proceeds to address the issues presented by the motion presently before the court.

*Gray,* 684 F.Supp. at 1483.

The plaintiffs' interpretation of this tolling provision is totally inconsistent with both the occurrence nature of the medical malpractice act and the legislative intent as expressed in the cases hereinafter cited.

The general statute of limitations requires that actions be brought within two (2) years after the cause of action accrues. Consideration is not given to when the alleged tort actually occurred, but rather to when the cause of action accrued. The occurrence nature of the medical malpractice act however, shortens this general statute of limitations by requiring medical malpractice claims to be filed within two (2) years after the alleged act occurred. Courts have determined that the malpractice act drafted by the legislature is an effective and logical means to control the rising costs of malpractice insurance and to prevent the threatened loss of widely available and important medical services to the

State of Indiana. *Carmichael v. Silbert,* 422 N.E.2d 1330, 1333 (Ind.Ct.App.1981). *Johnson v. St. Vincent Hospital, Inc.,* 273 Ind. 374, 404 N.E.2d 585, 590 (1980). The limitation of malpractice claims to two (2) years from the act is a reasonable method to satisfy this legislative purpose behind the medical malpractice act. *Carmichael,* at 1333.

The ninety (90) day tolling provision of Ind.Code § 16–9.5–9–1(b) keeps the two (2) year statute of limitations from being asserted as a defense once a proposed malpractice complaint has been timely filed with the Department of Insurance. The applicable two (2) year statute of limitations cannot be raised as a defense until ninety (90) days after the claimant has received the opinion of the Medical Review Panel. At that time, the tolling provision expires and the two (2) year statute of limitations may be used as a defense to subsequently filed complaints.

Under the plaintiffs' interpretation of the tolling provision, any amount of time which had not elapsed when the proposed complaint is filed with the Department of Insurance can be added to the ninety (90) day period which begins with plaintiffs' receipt of the opinion of the medical review panel.

In other words, the plaintiffs have seven hundred thirty (730) days (731 in leap years) to file his or her complaint with the Department of Insurance. They have an additional ninety (90) days, or a total of eight hundred twenty (820) days to file their complaint in Court. The time is tolled while the action is before the Department of Insurance. Thus, the statute of limitations would be different for each litigant depending upon the time which elapsed between the occurrence and the initial filing before the Department of Insurance. With this logic, the plaintiff asserts that she can be injured on September 9, 1983, and file her complaint with the Department of Insurance within two (2) years, *i.e.* August 22, 1984, (347 days later), leaving a balance of four hundred seventy-three (473) days. She received the opinion of the medical review panel on June 29, 1987, well after the original two (2) year statute of limita-

tions expired on September 9, 1985. She filed a complaint on February 9, 1988, only two hundred twenty-five (225) days after issuance of the opinion, using a total of only five hundred seventy-two (572) days of the allotted time. (Plaintiffs' Response to Motion for Summary Judgment at p. 3).

The plaintiffs' interpretation is inconsistent with the expressed legislative goal of shortening the time period in medical malpractice cases and curtail rising malpractice insurance costs. The malpractice act was created to encourage medical malpractice insurers to continue to insure Indiana health care providers through the creation of shorter time periods in which to bring malpractice claims, thus reducing the insurer's inability to calculate adequate insurance premiums and reducing alleged unprofitability. *Johnson,* 404 N.E.2d at 589. The plaintiff has attempted to stretch the statute of limitations beyond recognition by adding unused time to the end of the tolling provision even after the original two (2) year statute of limitation has elapsed. Such an interpretation of Indiana's tolling provision in Ind.Code § 16–9.5–9–1(b) is inconsistent with the intended purpose of the act.

The opinion of the medical review panel is required before any action can be taken against a health care provider. *Cha v. Warnick,* 455 N.E.2d 1165, 1167 (Ind.Ct. App.1983). Under Ind.Code § 16–9.5–9–1(b) the statute of limitations cannot be asserted while the medical review panel is considering the plaintiff's proposed complaint. In most cases, the medical review panel will not render its decision until long after the statute of limitations has expired. When this occurs, the statute of limitations is effectively extended "to and including ninety (90) days following the receipt of the opinion of the Medical Review Panel by the claimant."

Tolling provisions are interpreted with similar strictness in other areas of the law. In employment discrimination cases claimants must receive a right to sue letter from the Equal Employment Opportunity Commission. Suits must be filed within ninety (90) days after issuance of this letter in order to comply with 42 U.S.C. § 2000e–5(f)(1). *See also Movement for Opportunity and Equality v. General Motors,* 622 F.2d 1235 (7th Cir.1980).

In *Brown v. J.I. Case Co.,* 756 F.2d 48 (7th Cir.1985), the plaintiff filed a claim with the Equal Employment Opportunity Commission ("E.E.O.C.") claiming he was suspended because of his race. Eighty-eight (88) days after receiving his notice of right-to-sue, the plaintiff filed his notice to sue in a district court along with his financial statement, pauper affidavits and his request for appointment of counsel. Two years later the court held that this application for counsel did not toll the ninety (90) day statute of limitations for filing his claim and, therefore, plaintiff had not filed in time. The Court of Appeals reversed holding that the ninety (90) day period should have been tolled pending the District Court's decision on the plaintiffs' request for counsel. The Court held that since the request for counsel met the ninety (90) day requirement, the actual complaint was filed within the ninety (90) day requirement. The fact that the request for counsel was made before the expiration of the ninety (90) day period is important. A plaintiff who sought a similar request for counsel ninety-six (96) days after receiving his notice of right-to-sue letter from the E.E.O.C. did not commence her claim within the statute of limitations. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

The tolling provision of Ind.Code § 16–9.5–9–1(b) simply allows claimants an additional ninety (90) days to file a malpractice action after the decision of the medical panel even though the two (2) year statute of limitations has expired. A failure to file within the two (2) year time limit or within the ninety (90) day limit following a decision of the medical review panel, if the two-year statute has expired, bars the action. Delays in exercising one's rights under the malpractice act are inconsistent with the purpose of the act and, therefore, cannot be sanctioned. The court in *Carmichael* recognized that the provisions of the medical malpractice act can

result in harsh consequences in individual cases, but the Medical Malpractice Act was enacted by the legislature to prevent the loss of health care services. The statute of limitation contained in the Act is rationally related to the purpose of the Act, and those who cannot comply with its provisions must suffer the consequences.

*Carmichael,* 422 N.E.2d at 1334.

For all the above reasons, the Court finds that the complaint was not timely filed by the plaintiff.

Accordingly, the Court must GRANT defendant's motion for summary judgment.

## JUDGMENT

The Court, having this day filed its Entry in the above matter in the following words and figures, to-wit:

(H.I.)

now, therefore,

IT IS CONSIDERED AND ADJUDGED that plaintiffs take nothing by way of their complaint and that this action is hereby DISMISSED with prejudice.