## BINGLE v. LIGGETT DRUG CO., Inc.

Civ. No. 50–886.

United States District Court

D. Massachusetts.

Sept. 25, 1951.

Harry J. Williams and Killion, Connolly & Williams, all of Boston, Mass., for plaintiff.

Robert N. Daley and Parker, Coulter, Daley & White, all of Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff here moves that defendant be ordered to comply with an order of this court dated April 23, 1951 directing defendant to permit the inspection and copying of designated documents in possession and control of the defendant. Defendant has refused to produce certain of the statements listed in the previous order on the ground that they are not in the possession or control of defendant.

The action is one for personal injuries allegedly received by plaintiff when she fell in defendant's store. The attorney representing defendant is the attorney of the insurance company which is defending the action on behalf of its assured, the Liggett Drug Company. The statements in question were obtained not by defendant or by the attorney, but by agents of the insurance company. They are in the custody of defendant's attorney, or at least available to him, but defendant contends that he holds them, not as its attorney, but only in his capacity as attorney for the insurance company, and that they are not in defendant's possession or control within the meaning of Rule 34, F.R.Civ.P., 28 U.S.C.A.

Some cases have held that statements such as these taken by an insurer, are not within the control of the insured who is the party of record in the action and have denied motions for production of them. Poppino v. Jones Store Co., D.C., 1 F.R.D. 215; Bough v. Lee, D.C., 26 F.Supp. 1000. But in a larger number of the report-

ed cases, and those the more recent ones, production of the documents has been ordered in such a situation. The latter view seems to be the better one, and more in accordance with the liberal interpretation which should be given to the rules relating to discovery. As a practical matter the insurer is a real litigant here, and one whose interests are closely connected with those of the defendant of record. It is in fact defending the case on behalf of defendant. To hold that statements obtained by it for the purpose of this very litigation are immune from discovery would make possible the evasion of Rule 34 on the many occasions on which a defendant's case is actually prepared and controlled by a liability insurer. Simper v. Trimble, D.C., 9 F. R. D. 598; Martin v. N. V. Nederlandsche Amerikaansche Stoomvaart Maatchappij, D.C., 8 F.R.D. 363; Price v. Levitt, D.C., 29 F. Supp. 164.

Motion allowed.