BERRY *v.* FRUEHAUF TRAILER COMPANY.

1. EVIDENCE — NEGLIGENCE — PRIOR ACCIDENT — RAMP FOR LOADING CARS.

Evidence of prior accident involving a loading ramp of the same or similar design to the one presented by defendant for use by plaintiff and in the use of which plaintiff was injured *held*, admissible in action for injuries sustained because collapse of such ramp alleged to be due to negligence in designing and manufacturing the ramp and connecting parts so as to be structurally unable to withstand the stress and strain of loading a truck.

2. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.

Defendant's complaint as to instructions given jury *held*, not to have presented reversible error, where it conceded 4 of its 8 requests to charge were adequately covered, and examination of the brief record shows the substance of the remaining requests was given, where not objectionable.

3. NEGLIGENCE — INSTRUCTIONS — "POSSIBLE" — "PROBABLE" — LOADING RAMP.

Instruction, given in action against manufacturer of trailer ramp for injuries received by truck driver as he was loading truck upon haulaway trailer when loading ramp collapsed as vibration caused the connecting pin to be ejected, that "the law does not charge the manufacturer with all possible consequences of an alleged negligent act, but it does charge them for such consequences from an alleged negligent act which is a probability, the distinction being between the words possible and probable," *held*, proper, as it is to be assumed that the average juror knows the difference between possible and probable.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 314.
[2] 5 Am Jur 2d, Appeal and Error §§ 810–817, 891.
[3] 38 Am Jur, Negligence §§ 364–366.
[4] 5 Am Jur 2d, Appeal and Error § 882.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—WEIGHT OF EVI-
   DENCE—QUESTIONS FOR JURY.

    Questions, raised by defendant manufacturer of loading ramp
   for haulaway trailers in action against it for injuries received
   when ramp collapsed as plaintiff drove a truck upon it, which
   went to the weight to be accorded plaintiff's proofs *held*, prop-
   erly left to jury, hence, need not be reviewed seriatim.

Appeal from Genesee; Parker (Donn D.), J. Sub-
mitted November 5, 1962. (Calendar No. 37, Docket
No. 49,134.) Decided November 4, 1963.

Case by Edward M. Berry against Fruehauf
Trailer Company, a Michigan corporation, for per-
sonal injuries sustained while testing trailer and
loading ramp on haulaway transport truck. Ver-
dict and judgment for plaintiff. Defendant appeals.
Affirmed.

*Clark Shanahan,* for plaintiff.

*Gault, Davison & Bowers (Matthew Davison, Jr.,*
of counsel), for defendant.

PER CURIAM. Plaintiff was injured loading a truck
on defendant's haulaway trailer, while driving the
truck up an attached ramp which collapsed. The
haulaway trailer had been brought to plaintiff's em-
ployer for testing, pending a decision whether or
not to purchase. Among other things, plaintiff
claimed defendant was negligent in designing and
manufacturing the ramp and its connecting parts so
that it was structurally unable to withstand the
stress and strain of loading. Plaintiff's testimony
tended to show that vibration of the ramp caused a
connecting pin to be ejected from its position, and
that this, along with basic structural defects in the
ramp, resulted in its collapse. Defendant offered

testimony in contravention of each claim. The jury found for plaintiff.

On appeal, defendant's essential-to-decision claims of error are as follows: Did the trial court err in admitting testimony of a prior accident and did the court properly instruct the jury? Over defendant's objection, the court admitted testimony of a prior accident involving equipment made by defendant of "the same or similar" design as the one involved in this case, except, however, that certain struts or braces had been added and skids changed on the loading ramp assembly. The prior accident occurred 2 weeks before the one in question and in the presence of 1 of defendant's representatives. Defendant objected, at the time, on grounds that the prior accident involved a ramp of somewhat different design; it claimed, therefore, that testimony of the prior accident was irrelevant.

This issue is governed by our recent decision in *Freed* v. *Simon,* 370 Mich 473, in which we held admissible testimony of a prior accident occasioned by a fall through a hole in a trailer which had been covered between accidents but which cover lasted only a short time. We quoted (p 475), with approval, therein the annotator's conclusion at 70 ALR 2d 167, 172, 174, as follows:

"Subject to the general requirements of similarity of conditions, reasonable proximity in time, and avoidance of confusion of issues, the courts have generally recognized that evidence of the occurrence of a prior similar accident at the same place as the accident in suit has some tendency to establish a dangerous or defective condition at the place in question and may be admitted for this purpose, in actions where the dangerous condition of the place in question is at issue."

The second essential issue is defendant's claim that the trial court did not properly instruct the jury. Defendant concedes that of 8 requests to charge made by it, 4 were adequately covered. Of the remaining 4, further examination of the brief record on this point shows that the substance of these requests were given, where not objectionable. That this is all required, needs no citation. Defendant's chief complaint on this score seems to be that the trial court did not elaborate upon the difference between "possible consequences" and "probable consequences." Upon defendant's request, at the end of the charge, the trial court instructed the jury in this manner:

"I'll say this: The law does not charge the manufacturer with all possible consequences of an alleged negligent act, but it does charge them for such consequences from an alleged negligent act which is a probability, the distinction being between the words possible and probable."

It is to be assumed that the average juror knows the difference between "possible" and "probable." The trial judge need not emphasize the obvious.

As to the other questions raised by defendant, going to the weight to be accorded plaintiff's proofs, these were properly jury questions and, hence, need not be reviewed here seriatim.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

BLACK, J., concurred in result.

O'HARA, J., took no part in the decision of this case.