Brian KOZLOWSKI, PPA and Cynthia Karaffa, Plaintiffs,

v.

SEARS, ROEBUCK AND COMPANY and Russell Mills, Inc., Defendants.

SEARS, ROEBUCK AND COMPANY, Third-Party Plaintiff,

v.

RUSSELL MILLS, INC., Third-Party Defendant.

Civ. A. No. 75–1370–J.

United States District Court, D. Massachusetts.

Dec. 6, 1976.

As Amended Dec. 8, 1976.

Donald M. Lubin, Lubin & Meyer, Boston, Mass., for plaintiffs.

Paul J. Dolan, Palmer & Dodge, Boston, Mass., for defendants.

George M. Herlihy, Herlihy, McCue & O'Brien, Boston, Mass., for third-party defendant.

## COURT'S RULING ON DEFENDANT'S MOTION TO REMOVE DEFAULT JUDGMENT

JULIAN, Senior District Judge.

A brief statement of the prior events in this case suffices to explain the present posture of the defendant's motion to remove the default judgment.

Plaintiff, a minor, was severely burned on November 11, 1970, in Royal Oak, Michigan, when a pair of pajamas allegedly manufactured and marketed by defendant was "cause to ignite" (Plaintiff's Complaint, Count # 6). Plaintiff commenced this product liability action on April 9, 1975, asserting claims sounding in negligence, breach of warranty, and strict liability in tort.

On July 17, 1975, the plaintiff filed a "Request to Produce" pursuant to Rule 34, Federal Rules of Civil Procedure, seeking, among other items,[1] a record of all complaints and communications concerning personal injuries or death allegedly caused by the burning of children's nightwear which had been manufactured or marketed by the defendant, Sears, Roebuck & Co. On August 8, 1975, the defendant filed a motion to quash. The plaintiff opposed the defendant's motion to quash and filed a motion to compel discovery pursuant to Rule 37, Federal Rules of Civil Procedure. On January 22, 1976, United States Magistrate Princi filed a "Memorandum and Order," after a hearing on the motions, overruling the defendant's objections and ordering produc-

---

1. The plaintiff's "Request for Production" sets forth six items (sample pajama fabrics) requested for testing and twenty-five items requested for inspection and copying. Following this Court's entry of judgment by default against the defendant, on July 14, 1976, Sears, Roebuck & Co. furnished certain documents for inspection in four separate installments: July 27, 1976, August 18, 1976, August 23, 1976, and September 14, 1976. The defendant maintains that it has produced all requested documents "which have been available since the commencement of this case"; the plaintiff contends that the items produced were only a part of the documents available to the defendant. It is clear, for example, that the defendant has not produced the requested records of similar complaints.

tion within thirty days of all thirty-one items.[2] Because the material was not forthcoming, the plaintiff filed, on April 16, 1976, a motion for entry of judgment by default against the defendant, pursuant to Rule 37, Federal Rules of Civil Procedure. On July 14, 1976, this Court, finding that the defendant's failure to comply with a previous discovery order was "willful and deliberate," entered a judgment by default against the defendant on the issue of liability, but conditioned its removal upon the defendant's "full compliance" with the Court's discovery order on or before September 15, 1976. On September 14, 1976, the defendant filed the instant motion to remove the judgment by default. The Court held a hearing on the motion on October 20, 1976, and took it under advisement. On the basis of that hearing, the Court finds that the defendant has failed substantially to comply fully with the Court's July 14 Order, and thus has not fulfilled the condition for removal of the default judgment.

The Court now denies defendant's motion for reasons hereinafter stated.

█ In order to ascertain which law governs the discoverability of prior similar accidents, we must look at the Massachusetts choice of law rules. *Klaxon v. Stentor Electric Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Massachusetts adheres to the traditional rule that in tort cases all substantive aspects of the cause of action are governed by the law of the place where the injury occurred. *Pevoski v. Pevoski,* Mass., 358 N.E.2d 1416. *In re Air Crash Disaster at Boston, Mass. July 31, 1973,* 399 F.Supp. 1106, 1115 (D.C.Mass. 1975); *Doody v. John Sexton & Co.,* 411 F.2d 1119, 1121 (1 Cir. 1969); *Burke v. Lappin,* 299 N.E.2d 729 (Mass.App.1973). It is apparent that the alleged facts that give rise to the plaintiff's claims, whether such claims be based on negligence, breach of warranty, or strict liability, occurred in Michigan, where the plaintiff minor sustained his burns.

The Michigan Supreme Court has held, in a product liability case, that evidence of a prior accident involving the same product (trailer ramp) under similar circumstances is admissible as tending to establish that the trailer ramp was in fact defectively manufactured. *Berry v. Fruehauf Trailer Co.,* 371 Mich. 428, 124 N.W.2d 290, 291 (1963).

█ In the instant case, information concerning accidents similar to the one alleged in the complaint is clearly relevant to the issues of whether the pajamas allegedly marketed by the defendant were an unreasonably dangerous product and whether the defendant knew, or in the exercise of due care should have known, of that danger. Furthermore, even though the records of similar suits might be inadmissible in evidence (*Narring v. Sears, Roebuck & Co.,* 59 Mich.App. 717, 229 N.W.2d 901 (1975) (circumstances of prior accident were too dissimilar to accident alleged in complaint)), the records might contain facts which would lead to the discovery of admissible evidence. See Rule 26(b)(1), Fed.R.Civ.P., *Melori Shoe Corp. v. Pierce & Stevens, Inc.,* 14 F.R.D. 346 (D.C.Mass.1953). Accordingly, most courts have held that the existence and nature of other complaints in product liability cases is a proper subject for pretrial discovery. See 20 A.L.R.3d 1430, Frumer & Friedman, *Products Liability,* § 47.01, but see *Proctor & Gamble Distributing Co. v. Vasseur,* 275 S.W.2d 941 (Ky. 1955).

Nevertheless, information of similar complaints has not been produced by the defendant. The defendant has contended throughout this litigation and reiterated at the October 20 hearing that because of its longstanding practice of indexing claims alphabetically by name of claimant, rather than by type of product, there is no practical way for anyone to determine whether there have been any complaints similar to

---

**2.** The Magistrate's order modified the plaintiff's request to produce as to twenty-five of the items by imposing a time limit on the materials requested of five years prior and three years subsequent to November 11, 1970.

those alleged in the complaint at bar, "other than [by] going through all of the . . . claims . . . in the Sears Index . . which is the equivalent of an impossible task." (Defendant's Supplementary Memorandum in Support of its Motion to Remove the Default.) No evidence has been produced tending to establish the truth of this representation.

■ Under Rule 34, Fed.R.Civ.P., the party from whom discovery is sought has the burden of showing some sufficient reason why discovery should not be allowed, once it has been determined that the items sought are properly within the scope of Rule 26(b), Fed.R.Civ.P. See 8 Wright & Miller, *Federal Practice & Procedure* : Civil § 2214, p. 644 (1970). Merely because compliance with a "Request for Production" would be costly or time-consuming is not ordinarily sufficient reason to grant a protective order where the requested material is relevant and necessary to the discovery of evidence. *Luey v. Sterling Drug, Inc.*, 240 F.Supp. 632, 634–5 (W.D.Mich.1965).

■ In the instant case, the requested documents are clearly within the scope of Rule 26(b), Fed.R.Civ.P., the plaintiff has a demonstrable need for the documents, the defendant undisputedly has possession of them, and the plaintiff has no other access to them. Thus, the defendant has a duty pursuant to Rule 34, Fed.R.Civ.P., to produce its records of similar suits. The defendant seeks to absolve itself of this responsibility by alleging the herculean effort which would be necessary to locate the documents. The defendant may not excuse itself from compliance with Rule 34, Fed.R. Civ.P., by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition. To allow a defendant whose business generates massive records to frustrate discovery by creating an inadequate filing system, and then claiming undue burden, would defeat the purposes of the discovery rules. See *Hickman v. Taylor*, 329 U.S. 495, 500, 67

S.Ct. 385, 91 L.Ed. 451 (1947); Holtzoff, *Instruments of Discovery Under Federal Rules of Civil Procedure,* 41 Mich.L.Rev. 205, 224 (1942).

Apart from the defendant's failure to locate records of similar complaints in its own files, it appears that the defendant has never inquired of Russell Mills, Inc. (the manufacturer of children's nightwear) whether that corporation has any accessible information regarding the requested documents. It is undisputed that the defendant, Sears, Roebuck & Co., does have an indemnification agreement with its manufacturer, Russell Mills, Inc. Sears, Roebuck & Co. is a defendant in another, unrelated product liability case pending in this District, *Wales, Administratrix, et al. v. Sears, Roebuck & Co., et al.,* Civil Action No. 73–564–S., District of Massachusetts. In that case, the defendant was in fact able to procure records of similar claims from its manufacturer/indemnitor.

■ It is well established that a private corporation cannot avoid producing documents by an allegation of "impossibility" if it can obtain the requested information from the sources under its control. (*In re Ruppert,* 309 F.2d 97 (6 Cir. 1962) (attorney); *Bingle v. Liggett Drug Co.,* 11 F.R.D. 593, 594 (D.C.Mass.1951) (insurer); *George Hantscho Co. v. Miehle-Goss-Dexter, Inc.,* 33 F.R.D. 332 (S.D.N.Y.1963) (corporate subsidiary).) The defendant's apparent failure in this case to pose any inquiry to Russell Mills, Inc., when a similar query proved fruitful in another case, undermines the defendant's assertion that it has produced all documents available to it.

■ Finally, the defendant makes a confusing offer to finance the transportation to Chicago, Illinois (where the records are kept), by the plaintiff's attorney so that he may either attempt to locate the desired documents among the defendant's massive files, or else verify for himself the impossibility of such a task. The defendant has in essence told the plaintiff that, if he wishes, he may hunt through all its documents and find the information for himself. "This

amounts to nothing more than a gigantic 'do it yourself' kit." See *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.,* 64 F.R.D. 459 (S.D. N.Y.1974), quoting *Life Music, Inc. v. Broadcast Music, Inc.,* 41 F.R.D. 16 (S.D.N. Y.1966). This Court will not shift the financial burden of discovery onto the discovering party, in this case an indigent plaintiff, where the costliness of the discovery procedure involved is entirely a product of the defendant's self-serving indexing scheme over which the plaintiff has no control.

While a judgment by default is the "most severe in the spectrum of sanctions," *National Hockey League v. Metropolitan Hockey Club, Inc.* (per curiam), 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), provided in Rule 37, Fed.R.Civ.P., it is appropriate where "one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice." *Trans World Airlines v. Hughes,* 332 F.2d 602, 614 (2 Cir. 1964). The defendant's failure to produce records of similar complaints is due basically to an indexing system of its own devising, so maintained as to obstruct full discovery. Compare this situation with that prevailing in *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (reversing the dismissal of a complaint under Rule 37(b), Fed.R.Civ. P.), where the record clearly demonstrated that the petitioner had made "extensive efforts at compliance" with a court order for the production of certain records which were in the possession of Swiss banks and which could not have been produced without subjecting the petitioner to criminal penalties in Switzerland. *Id.,* at 211, 78 S.Ct. 1087.

This Court's finding, contained in its July 14 Order, that the defendant willfully failed to comply with the discovery rules, still stands. The record of this case to date discloses "either a total lack of diligence on the part of defense counsel, or extended indifference to its case on the part of defendant." *Sivelle v. Maloof,* 373 F.2d 520, 521 (1 Cir. 1967). The Court finds and rules that the defendant has failed to show "full compliance" with the July 14 Order, and its motion to vacate the default judgment is therefore denied.