Paul D. SABEL, Nan M. Sabel,

v.

MEAD JOHNSON AND COMPANY.

Civ. A. No. 84–3753–W.

United States District Court,
D. Massachusetts.

Oct. 8, 1986.

---

212

Robert W. Casby, Neil Sugarman, Sugarman and Sugarman, Boston, Mass., for plaintiffs.

J. Owen Todd, John F. Batter, III, Hale and Dorr, Boston, Mass., for defendant.

ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO F.R. CIV.P. 37(b)(2)(A) (# 71)

ROBERT B. COLLINGS, United States Magistrate.

Plaintiff Paul D. Sabel's Motion For Sanctions, Etc. (# 71) is a further chapter in the ongoing battle between the parties over the adequacy of defendant's answers to plaintiff's interrogatories. *Sabel v. Mead Johnson & Co.*, 110 F.R.D. 553 (D.Mass., 1986).

The plaintiff challenges the defendant's further answers to interrogatories ## 7, 8, 9 & 10 and claims that the further answers do not comply with the Court's May 22nd opinion and the Order entered the same date on the basis of the opinion. Specifically, plaintiff's counsel complains that the defendant has improperly made reference to documents rather than answering the interrogatories. Asserting that this is a violation of the Court's Order, the plaintiff seeks as a sanction the issuance of an order to the effect that certain facts which, in effect, admit the liability of the defendant for the plaintiff's injury, be taken as established pursuant to Rule 37(b)(2)(A), F.R.Civ.P.

After a hearing and a review of a sampling of the documents produced, I do not believe that the sanction which plaintiff seeks to have the Court impose is appropriate. However, I do believe a further order compelling discovery is necessary.

As part of its further answers to interrogatories, the defendant made reference to documents; copies of the documents were produced together with the further answers. The defendant claims that these documents comprised "eleven neatly bound volumes"; plaintiff claims that the documents number in excess of 6,000. Although it appears that the documents are numbered sequentially, the defendant has not indicated which documents are responsive to which interrogatories, at least not explicitly. In these circumstances, the defendant will be permitted to answer interrogatories ## 7, 8, 9 & 10 by reference to specific documents but only on terms and conditions which will make it clear precisely which documents are responsive to specific interrogatories. I find that this method of resolving the current dispute between the parties is in the spirit of Rule 33(c), F.R.Civ.P., and within the Court's power

pursuant to Rule 26(b)(1), F.R.Civ.P. If the documents contain all of the information responsive to the interrogatories which is within the custody, control and possession of the defendant, it makes little sense to require the defendant to retype all of the information in answers to the interrogatories. Where all of the information is found in the records, and the records are somewhat voluminous, I find that obtaining the discovery by reference to the documents is "more convenient, less burdensome and less expensive" than having all of the information retyped in answers to the interrogatories, Rule 26(b)(1), F.R.Civ.P., so long as there are specific references which enable the plaintiff to determine which documents are responsive to which interrogatories.

Therefore, the defendant is ORDERED, pursuant to Rule 37(b)(2), F.R.Civ.P., to serve further answers to interrogatories ## 7, 8, 9 & 10 *on or before the close of business on Monday, October 27, 1986* as follows:

*Interrogatories ## 7 & 8*—The defendant shall indicate the specific pages of the copies of the documents produced in July, 1986 on which each "indications and usage" is found and the date on which the "indications and usage" was promulgated is found. The further answer shall state the page references for each individual "indications and usage". The defendant's further answer served in July, 1986 states that *all* "indications and usage" are included in the documents produced; this statement is made under oath and the Court will not assume that it is untrue.

*Interrogatories ## 9 & 10*—The defendant represents that it has produced all documents relative to any "... notification to or discussions concerning Mead Johnson about any purported connection between the ingestion of desyrel ..." and the type of injury which the plaintiff received. This is not an explicit answer to the interrogatory. The defendant shall state explicitly, if it is the case in fact, that copies of the documents produced in July, 1986 contain *all* of the *means* by which the defendant became

"aware" of any claims and/or possibilities that there was a link between the ingestion of desyrel and the type of injury which the plaintiff suffered in this case. If the defendant makes such a statement in its further answer, the defendant shall indicate the specific pages of the copies of the documents produced in July, 1986 on which each "notification and discussion" is found. If the defendant is unable to make such a statement, any "means" not contained in the documents must be stated in answer to the interrogatory. As to "means" which are found in the documents, the further answer shall state the page references for each separate "notification" or "discussion".

Accordingly, it is ORDERED that Plaintiff's Motion For Sanctions Pursuant To F.R.Civ.P. 37(b)(2)(A) (# 71) be, and the same hereby is, ALLOWED to the extent that the Court has issued a further order compelling discovery, believing such order to be "just". Rule 37(b)(2), F.R.Civ.P. It is FURTHER ORDERED that Plaintiff's Motion For Sanctions Pursuant To F.R. Civ.P. 37(b)(2)(A) (# 71) be, and the same hereby is, otherwise DENIED.