Agnes, A.J.
This matter came before the Court on plaintiffs motions with respect to the assessment of damages, costs, and attorneys fees and a motion by defendant Stephen Stapinski for reconsideration of an earlier order by this court that denied him relief from judgment. The court conducted a hearing at which attorneys Shuster and Moccia for defendant Stapinski and attorney Wallerstein for the plaintiff recited in detail the history of the dispute with reference to discovery in this case. Counsel declined an invitation to testify under oath or to cross examine opposing counsel.
A brief chronology of the major events in the discovery dispute between the parties in this case is described in detail in the court’s order of January 14, 2002. It will serve no purpose to repeat it again. Essentially, at some point in the year 2000, the defendant Stapinski responded to the plaintiffs request for the production of documents by referring generally to responses to a request for the production of documents. For example, interrogatory number 9 asks: “Describe all Title Documents relied upon by the Defendants in the preparation of the Plan or Prior Plans.” The defendant Stapinski’s answer is as follows: “See defendants’ responses to Plaintiffs Requests for Production.” These interrogatories were not answered in a timely manner. [1]
When a party responds to an interrogatory requesting to know whether certain documents exist or were used in some way by the defendant in connection with the subject matter of the litigation by stating simply “see defendant’s answers to the request for the pro *349 duction of documents,” and the referenced answer is simply that all relevant documents, all known documents, all existing documents, or any similar formulation, are available for the plaintiffs inspection, the defendant has not complied with the requirements of Mass.R.Civ.P. 33(a) which provides, in part, that “[e]ach interrogatory shall be answered separately and fully in writing ...”
There may be circumstances in which a party can answer an interrogatory by stating that the documents that are sought are contained in the files that were assembled or produced in response to a request for the production of documents. This type of response is governed by Mass.R.Civ.P. 33(c). That section of the rule provides that when “the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ... or inspection of such business records,” and the burden of answering the interrogatory is the same for the parly serving the interrogatory as for the party served, “it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records . . . A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer maybe ascertained.”
In order to meet the requirements of Mass.R.Civ.P. 33(c) when an interrogatory requests documents, the party served must, at a minimum, state (i) that the documents exist and are contained within a specifically identified collection of the responding party’s business records, (ii) that the documents do not exist, or (iii) that for some reason the party served is unable to answer whether the documents exist or do not exist. See Smith & Zobel, Rules Practice §33.4 at 321 (7 Mass. Prac. 1975), and cases cited. To simply refer the party serving the interrogatory to business records, which, in effect, is the response made by defendant Stapinski in this case, is to fail to answer the interrogatory. Accord, Lauriat, McChesney, Gordon, & Rainer, Discovery §4.12 at 183 (49 Mass. Prac. 2001) (if a party elects to use the Mass.R.Civ.P. 33(c) option in responding to an interrogatory, “the answering party must specify in sufficient detail the records from which the answer can be determined”). This view is consistent with the interpretation of the corresponding rule of federal practice from which the Massachusetts rule was derived. Fed.R.Civ.P. 33(d)[2] & 1980 Commentary (“the final sentence of the rule was added to make it clear that the responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be answered”). See Oleson v. Kmart Corp., 175 F.R.D. 560, 564 (D.Kansas 1997) (“To rely on Fed.R.Civ.P. 33(d), the responding party must specifically identify which documents contain the requested information in its answer to the interrogatory”); Calhoun v. Liberty Northwest Ins. Corp., 789 F.Sup. 1540 (W.D.Wash. 1992) (a response to an interrogatory that simply states that the requested information is available from a mass of documents is not in compliance with rule 33(c)); Sabel v. Mead Johnson and Co., 112 F.R.D. 211, 213 (D.Mass.1986) (a response to interrogatories that makes reference to six volumes of documents in excess of 6,000 in total number is permissible under rule 33(c) only if the responding party indicates which particular documents are responsive to particular interrogatories); In re Master Key Antitrust Litigation, 53 F.R.D. 87, 90 (D.Conn. 1971) (the option afforded by the rule “does not shift to the interrogating party the obligation to find out whether sought after information is ascertainable from the files tendered, but only permits a shift of the burden to dig it out once the respondents have specified the records where it can be found). We should not overlook the fact that the goal of our procedural rules is ”to secure the just, speedy, and inexpensive determination of every action." Mass.R.Civ.P. 1.
The result of the failure of defendant Stapinski to comply with Mass.R.Civ.P. 33(a) & (c) and thereafter to fail to respond in writing to the plaintiffs letter of January 26, 2001 in which the plaintiff pointed out the answers to its interrogatories were not in compliance with the rules of civil procedure was to set in motion a chain of events that wasted the better part of one year in a pointless but expensive contest regarding discovery and that did nothing to bring the case closer to a resolution.
Based on the materials submitted by counsel and a consideration of the history of this case, it is appropriate to award attorneys fees to the plaintiff. While there may not have been strict compliance with Mass.R.Civ.P. 37(b), the defendant Stapinski has been on notice since January 26, 2001 that it did not comply with Mass.R.Civ.P. 33 and defendant Stapinski has previously acknowledged its willingness to pay reasonable attorneys fees. See, e.g., Paper No. 23. Counsel for the plaintiff has specified the portion of his attorneys fees attributable to the efforts to obtain discovery as $5,597.00. Counsel fees in that amount are hereby awarded.
With reference to the final judgment that entered on or about February 1, 2001, taking into consideration the circumstances under which that judgment was entered and the strong preference for the resolution of disputed cases on the merits, the court exercises its discretion to vacate that award and to order the case restored to the calendar for trial or other disposition. This order is conditioned on the defendant Stapinski complying with any and all outstanding discovery within 7 days of receipt of this order.
At the hearing on February 1, 2002, counsel for third-party defendant Timothy G. Woodward reported that his client had only recently entered the case and *350 that discovery was still underway. Counsel for the plaintiff and defendant Stapinski indicated that there was a possibility of an agreement as to some of the facts and that it might be possible to simplify the issues for trial. Accordingly, in light of the delay that has been occasioned by the discovery disputes in this case and in accordance with Mass.R.Civ.P. 16, this court orders the parties to confer and to file a pretrial conference report within 14 days of the receipt of this order that contains a specification of any remaining discovery, a timetable for completing discovery, and a schedule for the preparation and filing of dispositive motions.

 Unfortunately, despite the court’s admonition with regard to the defendants’ responses to the plaintiffs requests for discovery, the defendants’ latest response is not adequate. In reply to interrogatory 9 which reads “describe all Title Documents relied on by the defendants in the preparation of the Plan or the Prior Plans,” the defendants make the following answer: “Prior to beginning the survey, Stapinski conducted research at the Essex County Registry of Deeds, and Stapinski obtained plans and deeds or record from Metheun City Hall and the Essex County Registry of Deeds.” As noted infra, Mass.R.Civ.P. 33(c) does not sanction such an answer. A party can answer an interrogatory by making reference to a collection of records only when the party states that the record or records sought are contained in a particular collection of records and those records are the responding party’s own business records. See Mass.R.Civ.P. 33(c). Thus, the defendants’ response to Plaintiffs interrogatory no. 9 is struck. See In re Savitt/Adler Litigation, 176 F.R.D. 44, 49 (N.D.N.Y. 1997).

 The federal rule was introduced in 1970 as Fed.R.Civ.P. 33(c). It was based on a provision in the California Civil Code that was designed to relieve a party responding to an interrogatory from having to engage in expensive research into its own business records. It was renumbered to Fed.R.Civ.P. 33(d) in 1993.