Fecteau, J.
Plaintiffs Kevin Lou (“Kevin”), his mother, Beilin Chen, and father, Jidoung Lou (collectively “Lou”) brought the underlying civil action against Otis Elevator Company (“Otis”) for injuries sustained by Kevin when he was four years old.[2] While riding an escalator at the Changzhou Tianynan Department Store in China, Kevin’s hand became entrapped in and was crushed by the escalator. Otis moved for summary judgment, which was granted. Lou’s Emergency Motion for Reconsideration was allowed and a new hearing was held on March 28, 2003. The day before the hearing, Lou served the Affidavit of Joseph L. Stabler (“Stabler Aff.’j and the Affidavit of Hanmin Wang (“Wang Aff.’j in opposition to Otis’ summary judgment motion. Otis subsequently filed this Motion to Strike both affidavits. For the reasons set forth below, Otis’ Motion to Strike is DENIED.
DISCUSSION
Otis argues that the plaintiffs’ submission of the affidavits was untimely. By serving the affidavits the day before the hearing, Otis asserts that Lou violated “the Rules of Civil Procedure and the express deadline imposed by the Order of the Court which expired at the end of December.” Defendant’s Motion to Strike Plaintiffs’ Late-Filed Affidavit and Renewal of its Motion for Summary Judgment, at 3. Although Otis admits that trial discovery was “extended until March 31, 2003,” it insists that the Order created a deadline of December 30, 2002 for both discovery and to serve affidavits in opposition to the summary judgment. This argument is without merit.
While it is clear from the language of the order that the rehearing was not to be held before December 30, 2002, the court provides no specific cut-off date for the submission of affidavits.[3] Indeed, the language suggests the court was concerned that the summary judgment record be as complete as possible before the rehearing. Additionally, the Massachusetts Rules of Civil Procedure are fairly liberal on the submission of opposing affidavits. Rule 56(c) expressly allows the adverse party to serve affidavits at any time “prior to the day of hearing,” Mass.R.Civ.P. 56(c), and Rule 6(c) allows opposing affidavits to be “served not later than one day before the hearing, unless the court permits them to be served at some other time.” Mass.R.Civ.P. 6(c). Otis admits that the plaintiffs served their affidavits “(o]n the day before the re-hearing.” Defendant’s Motion to Strike at 1. Finally, the procedural requirements of Superior Court Rule 9A(b)(5) have also been met. The plaintiffs’ initial opposition contained the requisite Rule 9A(b)(5) response, and the court has since allowed the plaintiffs to supplement the record.
Without explanation or case law, Otis also cites the Massachusetts Rules of Civil Procedure 26(e)(1)(B) and 33(a)(3), neither of which controls the submission of affidavits in summary judgment motions. Discovery Rule 33(a)(3), governing answers and final requests for answers, is simply inapplicable. Otis provides no record that a motion for an order under Rule 37(a) or a final request for answers have been filed. Rule 26(e)(1)(B) provides that parties have a duty to seasonably supplement their responses, if directly sought by discovery, regarding the identity of previously undisclosed expert witnesses to be called at trial. Otis claims that Lou did not list Stabler and Wang as witnesses in their responses to Otis’ interrogatories. The affidavits at issue were submitted at a summary judgment hearing, however, not at trial. The duty to supplement continues up to trial, and the plaintiffs have ample time to seasonably supplement their answers before then.[4] Thus, Otis offers no legally supported reason for this court to strike the Stabler and Wang affidavits.
ORDER
For the foregoing reasons, it is ORDERED that the Plaintiffs’ Motion to Strike the Affidavit of Joseph L. Stabler and the Affidavit of Hanmin Wang is DENIED.

In Count I, Lou seeks to hold Otis directly liable for allegedly manufacturing, designing and/or installing the allegedly defective escalator that caused Kevin’s injury, and Counts II and III are for parental loss of consortium. Lou has subsequently dropped Count IV, the Chapter 93A claim.

Nile Order reads, “The motion for summary judgment shall be heard on or after December 30, 2002. In the interim period, such discovery shall be pursued as shall be necessary to present a complete record of facts bearing on the issues (including, but not limited to ‘defect’ and ‘causation’) relevant to summary judgment.” Lou v. Otis Elevator Co., Civil No. 2001-00267 (Worcester Super.Ct. Sept. 29, 2002) (Murphy, J).

Even if the plaintiffs failed to supplement, the court has considerable discretion to include or exclude the expert witness’ testimony at trial. See Letch v. Daniels, 401 Mass. 65, 67 n. 1 (1987) (preclusion of expert’s testimony not mandatory where party failed to provide witness’ identity in interrogatories); Eagan v. Marr Scaffolding Co., 14 Mass.App.Ct 1036 (1982) (“within the discretion of the trial judge” to admit testimony of substitute expert witness not named in interrogatories).