Agnes, Peter W., J.
1. This is a motion by the plaintiffs for an order compelling the defendant to answer interrogatories and to produce documents that arises in the context of a products liability action based on injuries suffered by plaintiff Kevin Lou in 1998 when he was four years old. The incident occurred at the Changzhou Tianyuan Department Store in Changzhou, People’s Republic of China. Plaintiff allegedly injured his hand when it became entrapped between the step tread and the skirt panel of an Otis model e510 escalator. The elevator was sold to the department store in question by an entity known as China Tianjin Otis Elevator Company (“CTOEC”) in which Otis acquired a controlling interest in 1994. The dispute between the parties at present is focused on the extent to which defendant Otis and entities which it controls or in which it has a substantial interest were involved in the design, marketing and servicing of the elevator in question.
2. In October 2004, this court entered an “Omnibus Order” addressing a variety of discovery disputes between the parties. Based on a careful review of the papers before the court at this stage (Plaintiffs Motion to Compel [paper No. 38] and the Defendant’s Opposition), I make the following additional orders with respect to pretrial discovery.
3. As an initial matter, the court’s reading of the Defendant’s Opposition indicates that the defendant has agreed to respond to some of the discovery requests contained in the motion to compel that it had initially resisted or refused to address. Insofar as these responses are deemed inadequate or insufficient and not otherwise addressed by this order, the plaintiff is given leave to file an additional motion for relief.
4. With regard to plaintiff Beilin Chen's interrogatories, numbers 2 through and including 8 have been answered. The defendant’s use of the phrase “upon investigation” is not an improper qualification in violation of the requirements of Mass.R.Civ.P. 33(a) which provides, in part that “(ejach interrogatory shall be answered separately and fully in writing ...” The phrase “upon investigation” is mere surplusage and may be disregarded in assessing the sufficiency of the answer. Indeed, as such it may be struck upon motion of the plaintiffs. With regard to interrogatory number 9, the defendant’s objection is without merit. The request is whether in answering interrogatory number 2 the defendant “communicated with Liang Chen of CTOEC . . .” The answer to that question does not call for the contents of any communication and thus does not fall within the scope of any privilege. This interrogatory must be answered. Likewise, interrogatories 10 through and including 14 must be answered. With regard to number 15, the obligation of the defendant is to specify any documents it refers to and not simply to describe them as “already produced in this litigation ...” See Premier Homes, Inc. v. Merrimack Engineering Services, Inc., Essex Superior Court No. 000008 (Agnes, J.) (February 4, 2002) (14 Mass. L. Rptr. 348).
5. With regard to plaintiff Jidong Lou’s interrogatories, the defendant has represented that it “will formally supplement its responses to the interrogatories at issue.” Defendant’s Opposition at 6.
6. With regard to the plaintiffs’ Fourth request for Production of Documents, there is no obligation on the part of the defendant to respond to numbers 17 to and including 23 as these are essentially interrogatories seeking facts, opinions or legal conclusions under another name. With regard to request number 25, the defendant asserts no legal support for its assertion that it is not obliged to supply copies of so-called “confidential” minutes of business meetings. Therefore number 25 must be produced. With regard to numbers 34-36, the plaintiffs seek documents pertaining to quality control of Otis products from not only defendant Otis, its wholly owning parent corporation, United Technologies Corporation (“UTC”), but also any of their “subsidiary or affiliated corporations.” Defendant Otis opposes these requests, in part on the basis that there is no duty on its part to seek documents from such entities under the rule in Strom v. American Honda, 423 Mass. 330 (1996). However, as this court has previously explained in this litigation, “[a] party may be responsible for making a good faith effort to produce documents not in its actual possession where sufficient control or rights to obtain them *124 exist.” Lou v. Otis Elevator Company, Worcester Superior Court, No. 200100267 (February 18, 2004) (Fecteau, J.) (17 Mass. L. Rptr. 340), citing Strom, supra, 423 Mass, at 337-38. The defendant’s response to these requests is that they are overbroad, not relevant, beyond the scope of discovery and lack specificity. The only objection that merits attention is whether the requests are beyond the scope of discovery. The issue is the meaning of “control” as it appears in Mass.R.Civ.P. 34. The Supreme Judicial Court has explained that the term means more than simply “legal control” and may require a party such as Otis to turn over documents that are not in its possession but in the possession of an affiliated corporation. See Strom, supra, at 342-43. While there are many factors that may determine the scope of “control” under Mass.R.Civ.P. 34, see Lauriat McChesney, Gordon & Rainer, Discovery §5.11 (49 Mass. Practice 2001), discussing Strom supra, the measure of control established by the Supreme Judicial Court in Strom supra, is whether one corporation has access to documents in the possession of another corporation with whom it has a relationship, whether or not one or the other corporation partly or wholly owns the other, has common officers or directors, engages in joint business ventures, or is otherwise connected as a result of any contractual obligations. In common parlance, a party has control of documents for purposes of a request for production under Mass.R.Civ.P. 34 if it has the ability to obtain them by any reasonable means. Therefore, assuming that the documents sought are described with sufficient particularity and meet the minimal test of relevancy applicable in this context in answering a request for production under Rule 34 a party must either (1) produce them or make them available in accordance with the terms of the rule, or (2) state that it is unable to do so because it does not have access to them through the exercise of any reasonable means. What constitutes “reasonable means” is for the court to decide. See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dept of Mental Retardation (No. 1), 424 Mass. 430, 461 (1997) (“The conduct and scope of discovery is within the sound discretion of the judge”). A parly may not respond to a request for production under Rule 34 by stating that it is unwilling to comply or, as in this case, by avoiding a direct response by means of boilerplate objections. For these reasons, defendant Otis is ordered to respond to requests for production numbers 34-36. It is also ordered to respond to requests for production numbered 43, 45 and 47 but not 48.
7. With regard to the plaintiffs’ Third Request for Production of Documents, it appears that the defendant Otis has agreed to produce non-privileged documents. See Defendant’s Opposition at 10. As to any so-called privileged documents, the defendant is ordered to submit a privilege log describing each and eveiy document withheld and the basis of a privilege and the particular privilege relied upon.

Order

8. In accordance with paragraphs 4-7 above, the plaintiffs motion is ALLOWED IN PART AND DENIED IN PART. And, as noted above, insofar as the Defendant’s Opposition in which certain agreements to supply discovery are reported and this order do not fully address the plaintiffs’ motion, the plaintiff is given leave to file an additional motion for relief.