Lauriat, Peter M., J.
Plaintiff Kenneth Short (“Short”) has moved for entry of default judgments against defendants Marinas USA Limited Partnership (“Marinas USA”) and Flagship Marinas Management Company, LLC (“Flagship Marinas”) for their alleged failure to comply with this court’s Order of October 26, 2007 requiring those defendants to produce documents and designees for Rule 30(b)(6) depositions that had been noticed by the plaintiff. The defendants asserts that they have fully complied with the court’s Order.
I. Document Requests
In November 2007, both Marinas USA and Flagship Marinas apparently served upon Short their revised responses to Short’s requests for production of documents. Those responses, on their face, appear to satisfy the court’s Order. Both defendants stated that responsive documents in their possession would be produced, and that neither defendant had “care, custody or control,” of the documents that were sought in most of Short’s requests. For reasons which have not been explained, neither party brought these responses to the court’s attention until the court made a specific request for them at the hearing on Short’s present motion on May 28, 2008.
In the absence of any evidence that the defendants have knowingly failed to produce any requested documents , the court can go no further. Of course, if Short hereafter submits evidence showing that either defendant had or should have had some or all of the documents requested but not produced, the court will entertain a request for further sanctions against the defendant or defendants and/or counsel of record.
For example, Flagship Marinas has asserted that it did not contact its insurance agent to provide any documents in response to Short’s request because “it would have no documents responsive to such requests.” This failure to inquire does not satisfy the requirements of Rule 34 or Rule 30(b)(6) with respect *297 to the duties of a party from whom discovery is sought. Should Short now subpoena the files of the insurance agent or the insurer with respect to this matter, and should either have any relevant, responsive documents that have not heretofore been produced, sanctions against the defendants and/or their counsel would certainly be in order.
II. Rule 30(b)(6) Deposition Designees
A. Marinas USA
Marinas USA concedes in its opposition to Short’s present motion that Gregory Kenny (“Kenny”), its designated Rule 30(b)(6) deposition witness, did not contact any present or former employee or partner at Marinas USA in preparation for his deposition because he concluded that “they would not know anything with regards to the issues in the case.” Similarly, he concluded that “it was not necessary for [him] to use documents, past employees or other resources, because such employees, documents and other resources would deal with investments, and not the operational management of the marina, which is the dispositive issue in this case.” These statements not only suggest arrogance and clairvoyance, they do reflect complete noncompliance with the requirements and responsibilities of a Rule 30(b)(6) designee. The designated witness has a duty of inquiry, and an obligation to educate himself as to the matters involving the corporation. Calzaturifido S.C.A.R.P.A. S.p.A. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 36-37 (D.Mass. 2001). Clearly, Kenny did not comply with these requirements. Rather, he decided, on his own, that he would make no inquiries and request no documents, because he didn’t think that it would be productive. These failures constitute clear and direct violations of the rules of civil procedure, for which an appropriate sanction is appropriate and warranted. Pursuant to Rule 37(b)(2)(B), Kenny is prohibited from testifying as a witness for, or on behalf of the defendants in this case, unless he is called as a witness by the plaintiff.
B. Flagship Marinas
Flagship Marinas designated as one of its Rule 30(b)(6) designees one Donald B. Pray, who was not an officer, director, managing agent or even an employee of Flagship Marinas, but rather an individual hired by Flagship Marinas’ insurer to survey the alleged damage to the vessels caused by the fire. Not only is this an improper Rule 30(b)(6) designation, but there is no indication in the record that Mr. Pray had any authority whatsoever to speak for or to bind Flagship Marinas. He was merely a fact witness with respect to observations he made after the fire.
Matthew Clapp and Stephen G. Smith were also designated by Flagship Marinas as its Rule 30(b)(6) designees with respect to certain matters, and they testified at their depositions with respect to those matters. Whether their testimony was complete, accurate and/or truthful is a matter for challenge on cross-examination at trial. Their deposition testimony is not a basis for entry of a default judgment.
ORDER
For the forgoing reasons, the Plaintiffs Motion for a Default Judgment is DENIED without prejudice, except that Gregoiy Kenny is prohibited from testifying as a witness for, or on behalf of either of the defendants in this case unless he is called as a witness by the plaintiff.